IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

THOMAS KENNEDY, individually,

     Plaintiff,                    Case No.

v.

RON DESANTIS, in his official
capacity of Governor of the State of Florida,
MARK GLASS, in his official capacity of
Acting Commissioner of The Florida Department
of Law Enforcement, MIAMI-DADE COUNTY,
a political subdivision of the state of Florida,
CITY OF MIAMI, a municipality of
the State of Florida, and JOHN DOE,
unknown Security Guard.

     Defendants.

_____/

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Thomas Kennedy (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel, bring this Complaint against Defendants Ron DeSantis, in his official capacity as Governor of the State of Florida, Mark Glass, in his official capacity as Acting Commissioner of The Florida Department of Law Enforcement, Miami-Dade County, City of Miami and John Doe, unknown Security Guard (collectively referred to as "Defendants"), and in support thereof allege the following:

<u>INTRODUCTION</u>

1.     "But, above all else, the First Amendment means that government has no power to restrict expression because of its message, its ideas, its subject matter, or its content."[1]  These

---

[1] Justice Thurgood Marshall in *Police Department of Chicago v. Mosley (1972)*

words were used by Justice Thurgood Marshall's opinion that ruled that the selective treatment of speech violated the fundamental First Amendment principle that government regulations that discriminate against speech on the basis of content or viewpoint are suspect. In this case, Governor DeSantis and the other Defendants are not only discriminating against Plaintiff's speech based on the content or viewpoint of the Plaintiff, they have also added him to a "No-Entry" List based on the content or viewpoint of Plaintiff's speech.

      2.     The Plaintiff has been searching for answers from the Governor on his Administration's plan for COVID, and other important policy matters, and has repeatedly been prevented from attending events and exercising his first amendment rights. Recently, the Governor has taken actions against others who have tried to exercise their freedom of speech. On January 4, 2022, the Governor had Duval County, Florida activist Ben Frazier removed the Florida Department of Health building in Duval County ahead of a news conference being held by the governor.[2] On January 4, 2022, Governor DeSantis tried to silence CNN reporter Rosa Flores from asking him questions about the Governor's response to COVID.[3] These are just a few of the many examples that exist of the Governor and his Administration's treatment of Floridians trying to ask questions and receive answers on one of the biggest health dangers to the State in more than a century.

      3.     This case seeks to protect and vindicate fundamental constitutional rights. It is a civil rights action brought under the First, Fifth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, challenging Defendants' restriction on Plaintiffs' right to

---

[2] https://www.clickorlando.com/news/local/2022/01/04/citizens-activists-removed-from-gov-desantis-news-conference-in-jacksonville/

[3] https://www.wtsp.com/article/news/regional/florida/cnn-desanris-covid19/67-3891c540-36d8-4f59-ac0e-d7640989e7f9

freedom of speech, and right to be free from arbitrary government action including being included on a No Entry List. Defendants have taken actions that operate as a prior restraint on Plaintiffs' speech, prohibiting Plaintiffs from entering public property for purposes of restraining Plaintiff's speech, unlawfully and arbitrarily detaining Plaintiff based on the content and viewpoint of Plaintiffs' message, and adding Plaintiff's name to the Governor's No Entry List ("Governor's List") and Florida Department of Law Enforcement ("FDLE") flyer without due process of law.

4.      Plaintiff seeks a declaration from this Court affirming that his rights have been violated and a permanent injunction against future violations of his rights.

5.      All conditions precedent have been met or waived.

6       Plaintiff has retained the undersigned law firm and agreed to pay them a reasonable fee.

<u>JURISDICTION AND VENUE</u>

7.      Plaintiffs' claims arise under the Constitution and laws of the United States. This Court has jurisdiction over these claims under 28 U.S.C. §§ 1331, 1343(a)(3).

8.      This Court has the authority to grant declaratory and injunctive relief under 28 U.S.C. § 2201-2202 and Fed. R. Civ. P. 57 and 65.

9.      The federal rights asserted by Plaintiffs are enforceable under 42 U.S.C. § 1983. 4

10.     Venue is proper in the Southern District of Florida under 28 U.S.C. § 1391(e).

11.     All of the events and omissions by Defendants giving rise to this action occurred in this judicial district.

<u>PLAINTIFF</u>

12.     Plaintiff Thomas Kennedy is an adult Florida resident residing within this Court's jurisdiction and otherwise sui juris, and is a political activist, and has press credentials and is a

journalist writing for various publications including Occupy Democrats and Latino Rebels, among others.

DEFENDANTS

13.     The Honorable Ron DeSantis, as Governor of the State of Florida, and is sued in his official capacity.  The Governor, through his agents and employees, has committed, and continues to commit, the constitutional violations alleged in this complaint within Miami-Dade County.

14.     Defendant Mark Glass, in his official capacity as Acting Commissioner of the Florida Department of Law Enforcement ("FDLE").  The FDLE is an agency of the State of Florida that serves law enforcement functions to the State of Florida "To promote public safety and strengthen domestic security by providing services in partnership with local, state, and federal criminal justice agencies to prevent, investigate, and solve crimes while protecting Florida's citizens and visitors."[4]. The FDLE, through its agents and employees, has committed, and continues to commit, the constitutional violations alleged in this complaint within Miami-Dade County.

15.     Defendant Miami-Dade County is a political subdivision of the State of Florida organized under the laws of Florida. Through its police department enforces, the Miami-Dade County has been enforcing the Governor's unlawful actions.

16.     Defendant City of Miami, a municipality of the State of Florida.  Through its police department enforces, the City of Miami has been enforcing the Governor's unlawful actions.

---

[4] Quote is from the Florida Department of Law Enforcement's Mission Statement.

17.     JOHN DOE, unknown security guard at the Shul in Surfside.  Plaintiff intends to find out the name of the unknown security guard through discovery and will then seek to substitute the Defendant's name.

### STATEMENT OF FACTS

18.     As the Governor of the State of Florida, Governor DeSantis is mandated to comply with the First, Fifth, and Fourteenth Amendments to the U.S. Constitution.

19.     As an agency of the State of Florida, the FDLE is mandated to comply with the First, Fifth, and Fourteenth Amendments to the U.S. Constitution.

20.     As a political subdivision of the State of Florida, Miami-Dade County is mandated to comply with the First, Fifth, and Fourteenth Amendments to the U.S. Constitution.

21.     As a municipality of the State of Florida, the City of Miami is mandated to comply with the First, Fifth, and Fourteenth Amendments to the U.S. Constitution.

### EVENTS WHICH PLAINTIFF HAS BEEN REMOVED OR DENIED ACCESS

### JULY 14, 2020 GOVERNOR DESANTIS PRESS EVENT

22.     On or about July 14, 2020, Governor DeSantis held a press conference at Jackson Memorial Hospital in Miami-Dade County, Florida, regarding the State of Florida's response to the COVID-19 pandemic.

23.     The Governor's response to the Pandemic is of great public importance.

24.     Plaintiff was press working for the Latina Communica.

25.     During the Governor's press conference, Plaintiff expressed his viewpoint, that the Governor's lack of a plan for COVID was embarrassing and that the Governor was doing a bad job.

26.     While Plaintiff was speaking, an unknown law enforcement officer aggressively approached Plaintiff, pushed Plaintiff, and told Plaintiff "You are being trespassed" and then asked for Plaintiff's Identification.[5]

27.     Plaintiff showed his press credentials.  The unknown law enforcement officer then forced Plaintiff to leave the press conference.

<u>February 23, 2021 GOVERNOR DESANTIS PRESS EVENT</u>

28.     On or about February 23, 2021, Governor DeSantis held a press conference about the State's vaccine rollout at a Navarro convenience store located in the City of Hialeah, Florida.

29.     Plaintiff had press credentials with him, however he was not allowed entry.

30.     Plaintiff parked his vehicle at the Navarro parking lot and as he was attempting to enter the press conference, law enforcement officers who appeared to be the Governor's security detail[6] singled out Plaintiff and prevented Plaintiff from entering the press conference.

31.     Despite having press credentials, the Governor's security detail told Plaintiff that he was not allowed to enter because the press conference was "on private property."

32.     Upon information and belief, Plaintiff was prevented from attending due to his name being on the "Governor's List" and FDLE Flyer.

---

[5] Upon information and belief, Plaintiff believes that the unknown law enforcement officer was from the FDLE detail assigned to the Governor.  The Plaintiff intends to confirm the identity and agency of the unknown law enforcement office through the discovery process.

[6] Upon information and belief, Plaintiff believes that the security detail was from the FDLE detail assigned to the Governor.  The Plaintiff intends to confirm the identity and agency of the security detail through the discovery process.

December 16, 2020 GOVERNOR DESANTIS PRESS EVENT

33.     On or about December 16th, 2020, Governor DeSantis held a press conference at a John Knox Senior Center in Broward County, Florida.[7]

34.     Plaintiff had press credentials with him, however he was not allowed entry.

35.     Plaintiff attempted to enter the press conference, however, the security at the gated entrance informed Plaintiff that security had instructions to specifically not allow Plaintiff into the premises or the press conference.

36.     Plaintiff inquired as to why he was specifically not allowed to enter, and the security guard told Plaintiff that Plaintiff was on a "list" and that is why Plaintiff could not enter.  Upon information and belief, Plaintiff was prevented from attending due to his name being on the "Governor's List" and FDLE Flyer.

April 8, 2021 GOVERNOR DESANTIS PRESS EVENT

37.     On or about April 8, 2021, Governor DeSantis held a press conference about the State's argument with the Cruise Ship industry about vaccine passports.  The press conference was being held at the Port of Miami.

38.     Plaintiff had press credentials with him, however he was not allowed entry.

39.     The Governor's press conference was on the top floor of a parking garage at the Port.

40.     Plaintiff arrived at the Port and parked in a lot that was adjacent to the garage where the Governor's press conference was being held.

---

[7] https://flgov.com/2020/12/16/in-case-you-missed-it-governor-ron-desantis-visits-long-term-care-facility-in-pompano-beach/

41.     Upon Plaintiff parking his vehicle, and while still in his vehicle, Plaintiff was approached by Miami-Dade County police officers.

42.     One of the officers ("Officer Number 1") knocked on Plaintiff's car window. Plaintiff opened his window and asked the officer "did I do something wrong officer?".  Officer Number 1 responded by saying "We will talk about it, but first step out of the car".

43.     As Plaintiff complied and was getting out of his vehicle, Officer Number 1 said "hands where I can see them" in an aggressive and authoritative manner.  Plaintiff responded by asking "Why am I being detained?".

44.     Plaintiff also asked if he could grab his cell phone.

45.     Officer Number 1 had the second officer ("Officer Number 2") get the Plaintiff's keys and cell phone from the vehicle and hand them to Plaintiff.

46.     Plaintiff then began to film the interaction between himself and the Officers.

47.     The video shows the following exchange between Plaintiff and the Officer.

Plaintiff:      "why am I being detained?".

Officer:       "You are being trespassed warning, you are not allowed at this port"

                "so right now I need to escort you out of the port"

Plaintiff:      "Can I ask a reason why I am not allowed"

Officer:       "I am going to give it to you"

Plaintiff:      "what is it, why am I being detained"

Officer:       "They do not want you in this port, you are not allowed."

Plaintiff:      "It is a public port"

Officer:       "Not for you"

Officer:       "You can pick it up with a lawyer if you want to"

8

| Officer: | "We are not going to tell you, I do not know who gave the order, I have an order for you I will give you a trespass warning, in good faith I am going to escort you out" |
|---|---|
| Plaintiff: | "This is a publicly funded port"  " I am a public tax payer" |
| ….. | |
| Officer: | "I am not going to tell you again" |

48.    Plaintiff was in this situation for approximately 20 to 30 minutes before Officer #1 escorted him out of the Port.

49.    Through the Officer's actions and statements, including "They do not want you in this port, you are not allowed" it is clear that this directive was given to the Officer from either the Governor's office or FDLE.

50.    Upon information and belief, Plaintiff was targeted and prevented from attending due to his name being on the "Governor's List" and FDLE Flyer.

<u>June 14, 2021 GOVERNOR DESANTIS PRESS EVENT</u>

51.     On or about June 14, 2021, Governor DeSantis held a press conference about public education at The Shul in Surfside, Florida.

52.    Plaintiff had his press credentials with him and attended the press conference.

53.    During the Governor's press conference, Plaintiff asked Governor DeSantis "why are you banning teachers from teaching things you don't like?"

54.     Immediately after Plaintiff asked the question, an unknown security guard[8] aggressively escorted Plaintiff from the premises.  The unknown security guard called Plaintiff "a piece of shit" and further twisted Plaintiff's arm.

55.     As soon as the unknown security guard brought Plaintiff outside of the Shul, a City of Surfside police officer instructed the unknown security guard to stop and let Plaintiff's arm go.

56.     Plaintiff's arm was injured by the unknown security guard.

57.     Upon information and belief, the unknown security guard took this severe, aggressive, and violent action against Plaintiff due to Plaintiff being on the Governor's List, and for making a statement about a viewpoint in which the Governor disagreed with.

<u>July 7, 2021 GOVERNOR DESANTIS PRESS EVENT</u>

58.     On or about July 7, 2021, Governor DeSantis held a press conference related to foreign policy in Cuba and Venezuela at the Miami Armory / National Guard Base in Miami, Florida.

59.     Plaintiff had press credentials with him, however he was not allowed entry.

60.     Plaintiff drove to the event to attend, and when Plaintiff arrived at the front entrance, a National Guard member told Plaintiff that Plaintiff is not allowed at the event or at the premises.

61.     During this encounter with the National guard member, Plaintiff observed the National guard member looking at a list of names on a paper and the National guard member informed Plaintiff that Plaintiff's name was on the list.

---

[8] Upon information and belief, Plaintiff believes that the unknown security guard was a private security guard acting under orders and in conjunction with the Governor's security detail.  The Plaintiff intends to confirm the identity of the unknown security guard through the discovery process.

62.     Shortly thereafter, a City of Miami police officer approached Plaintiff and told Plaintiff that Plaintiff "had to leave and move to a staging location" which was a block away.

63.     The City of Miami Police officer also told Plaintiff that Plaintiff was not allowed to stand on the public sidewalk either.

64.     A review of body camera footage obtained through a public records request showed that the City of Miami police officer discussed arresting Plaintiff.

65.     This was the first time that Plaintiff physically saw the Governor's List and the Associate List and saw his name and other names on it.

66.     Upon information and belief, Plaintiff was targeted and prevented from attending due to his name being on the Governor's List and FDLE Flyer.

<u>THE LIST AND FLYER</u>

67.     After being informed and seeing that Plaintiff's name was on the Governor's List, Plaintiff sought to find out more information as to why he was on this List.

68.     Pursuant to multiple public records requests, Plaintiff discovered that his name and picture are on a flyer created and circulated by FDLE titled "Situational Awareness". ("Flyer").

69.     The Flyer includes allegations about Plaintiff's first amendment related activities and includes a picture of Plaintiff.

70.     The Flyer says "Florida Department of Law Enforcement" with the FDLE logos. It then says "Situational Awareness" with a red subtitle of "FOR FDLE INTERNAL USE ONLY". The date of the flyer is July 14, 2020, and the "Situational Awareness" box is checked.  There is a description that lists the July 13, 2020 Governor DeSantis press conference at Jackson Memorial Hospital and says in pertinent part that "During the press conference, Thomas Kennedy (DOB 03/01/1991) disrupted the conference by directing verbal outbursts towards Governor DeSantis.

Kennedy was escorted out without further incident.  Note: it is unknown how Thomas Kennedy gained access to the press conference, which was closed to the public and open to the press".  Flyer goes on to say that Plaintiff has no known history of violence, but that he has "conducted direct actions (sleeping dragons)".  The Flyer references Plaintiff's social media activities.

71.    The Flyer includes photos of Plaintiff and an example of Plaintiff's twitter social media account.

72.    The Governor's List was not provided to Plaintiff in response to Plaintiff's public records requests.

73.    The Flyer makes it clear that the Defendants' name is known to the Governor and the other Defendants for his lawful first amendment protected activities.

74.    With the use of the Governor's List and the FDLE flyer, the Defendants clearly were preventing Plaintiff from attending public events held by the Governor on the basis of the content and viewpoint of Plaintiffs' political activities and / or journalism activities, in violation of Plaintiff's freedom of speech.

75.    Defendants' use of an FDLE "Situational Awareness" Flyer, and the use of Plaintiff's name on the Governor's List, are violations of Plaintiff's First, Fifth, and Fourteenth Amendment rights.

76.    The loss of Plaintiff's Civil Rights, for even minimal periods of time, unquestionably constitutes irreparable injury sufficient to warrant injunctive relief.

### CLAIMS FOR RELIEF

### COUNT I
(42 U.S.C. § 1983)
### Violation of Freedom of Speech Under the First and Fourteenth Amendment to the Constitution of the United States.
### (As to All Defendants)

77.     Plaintiffs hereby incorporates Paragraphs 1 through 76 above as if fully and separately set forth herein.

78.     By reason of the aforementioned removal and / or restrictions from entry into the above mentioned events held by the Governor, Defendants have deprived Plaintiff of his right to engage in protected speech in violation of the Free Speech Clause of the First Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983.

79.     Defendants' restriction on Plaintiffs' speech is content- and viewpoint-based in violation of the Free Speech Clause of the First Amendment.

80.     Defendant Governor DeSantis and / or FDLE's true purpose for adding Plaintiff or having Plaintiff added to the Governor's List and the Flyer was to silence the viewpoint expressed by Plaintiff's speech. Consequently, the true purpose for adding and / or including Plaintiff on Governor's List and Flyer was to silence disfavored viewpoints in violation of the Free Speech Clause of the First Amendment.

81.     As a direct and proximate result of Defendants' violation of the Free Speech Clause of the First Amendment, Plaintiff has suffered irreparable harm, including the loss of his constitutional rights, entitling him to declaratory and injunctive relief and nominal damages.

<u>**COUNT II**</u>
(42 U.S.C. § 1983)
<u>**Violation of Equal Protection (Fourteenth Amendment)**</u>
<u>**(all Defendants)**</u>

82.     Plaintiffs hereby incorporates Paragraphs 1 through 76 above as if fully and separately set forth herein.

83. By reason of the aforementioned speech restriction enforced under color of state law, Defendants have unconstitutionally deprived Plaintiff of the equal protection of the law guaranteed under the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983, in that Defendants are preventing Plaintiff from expressing a message based on its content and viewpoint, thereby denying the use of a forum to those whose views Defendants find unacceptable.

84. As a direct and proximate result of Defendants' violation of the Equal Protection Clause of the Fourteenth Amendment, Plaintiff has suffered irreparable harm, including the loss of his constitutional rights, entitling him to declaratory and injunctive relief and nominal damages.

## COUNT III
### Violation of Procedural Due Process / Failure to Provide Notice and a Hearing (Fifth Amendment and Fourteenth Amendment)
### (Governor DeSantis and FDLE)

85. Plaintiffs hereby incorporates Paragraphs 1 through 76 above as if fully and separately set forth herein.

86. The U.S. Constitution guarantees all persons the right to due process. U.S. Const. amend. V. The Fifth Amendment's guarantee of due process applies to state governments through the Fourteenth Amendment. U.S. Const. amend. XIV.

87. Defendants Ron DeSantis and FDLE's actions deprive Plaintiff of constitutionally protected liberty interests, including but not limited to those identified below.

88. Plaintiff has a liberty interest in attending and being able to participate in first amendment protected activities.

89. Plaintiff has the right to be free from false governmental stigmatization as an individuals associated with unlawful activity, when such harm arises in conjunction with the deprivation of his ability to attend and being able to participate in first amendment protected activities on the same terms as others.

90.     Plaintiff has the right to be free from false governmental stigmatization as an individual associated with unlawful activity, when such harm arises in conjunction with the deprivation of their liberty interest under the Fifth Amendment to be able to attend and participate in first amendment protected activities from unreasonable burdens.

91.     Plaintiff has a liberty interest in non-attainder (i.e., the interest against being singled out for punishment without trial). Defendants' actions have singled out Plaintiff for punishments that include, but are not limited to, the inability to attend and participate in first amendment activities.

92.     Plaintiff is entitled to a legal mechanism that affords him notice and an opportunity to contest their inclusion on the Governor's List.

93.     Plaintiff is entitled to a legal mechanism that affords him notice and opportunity to contest the deprivation of his liberty interests, including but not limited to his liberty interests in freedom from false stigmatization, and non-attainder due to his inclusion on the Governor's List lists that prevents him from attending and participating in first amendment activities.

94.     Defendants Ron DeSantis and FDLE have violated Plaintiff's rights without affording him due process of law and will continue to do so into the future if Plaintiff is not afforded the relief demanded below.

<u>**COUNT IV**</u>
**<u>Violation of Procedural Due Process / Failure to Provide Notice and a Hearing (Fifth Amendment and Fourteenth Amendment) (Defendants Governor DeSantis and FDLE)</u>**

95.     Plaintiffs hereby incorporates Paragraphs 1 through 76 above as if fully and separately set forth herein.

96.     The U.S. Constitution guarantees all persons the right to due process. U.S. Const. amend. V. The Fifth Amendment's guarantee of due process applies to state governments through the Fourteenth Amendment. U.S. Const. amend. XIV.

97.     Defendant Ron DeSantis and FDLE's actions deprive Plaintiff of constitutionally protected liberty interests, including but not limited to those identified below.

98.     Plaintiff has a liberty interest in attending and being able to participate in first amendment protected activities.

99.     Plaintiff has the right to be free from false governmental stigmatization as an individuals associated with unlawful activity, when such harm arises in conjunction with the deprivation of his ability to attend and being able to participate in first amendment protected activities on the same terms as others.

100.    Plaintiff has the right to be free from false governmental stigmatization as an individual associated with unlawful activity, when such harm arises in conjunction with the deprivation of their liberty interest under the Fifth Amendment to be able to attend and participate in first amendment protected activities from unreasonable burdens.

101.    Plaintiff has a liberty interest in non-attainder (i.e., the interest against being singled out for punishment without trial). Defendants' actions have singled out Plaintiff for punishments that include, but are not limited to, the inability to attend and participate in first amendment activities.

102.    Plaintiff is entitled to a legal mechanism that affords him notice and an opportunity to contest their inclusion on the FDLE Flyer.

103.    Plaintiff is entitled to a legal mechanism that affords him notice and opportunity to contest the deprivation of his liberty interests, including but not limited to his liberty interests in

freedom from false stigmatization, and non-attainder due to his inclusion on the FDLE Flyer lists that prevents him from attending and participating in first amendment activities.

104.    Defendants Ron DeSantis and FDLE have violated Plaintiff's rights without affording him due process of law and will continue to do so into the future if Plaintiff is not afforded the relief demanded below.

## COUNT V
### Violation of Substantive Due Process (Fifth Amendment)
### (Governor Ron DeSantis and FDLE)

105.    Plaintiffs hereby incorporates Paragraphs 1 through 76 above as if fully and separately set forth herein.

106.    The U.S. Constitution guarantees all persons the right to due process. U.S. Const. amend. V. The Fifth Amendment's guarantee of due process applies to state governments through the Fourteenth Amendment. U.S. Const. amend. XIV.

107.    Plaintiff has constitutionally protected liberty interests in being able to attend and participate in first amendment activities and freedom from government-imposed stigma.

108.    Placing Plaintiff and maintaining him on the Governor's List without any legitimate basis violates his right to substantive due process under the Fifth Amendment to the U.S. Constitution.

109.    Defendants Ron DeSantis and FDLE violated Plaintiff's constitutional rights and have caused an injury that is not justified by any legitimate government interest and that will continue to subject him to further harm absent the relief requested below.

## COUNT VI
### Violation of Substantive Due Process (Fifth Amendment)
### (Governor Ron DeSantis and FDLE)

110.    Plaintiffs hereby incorporates Paragraphs 1 through 76 above as if fully and separately set forth herein.

111.    The U.S. Constitution guarantees all persons the right to due process. U.S. Const. amend. V. The Fifth Amendment's guarantee of due process applies to state governments through the Fourteenth Amendment. U.S. Const. amend. XIV.

112.    Plaintiff has constitutionally protected liberty interests in being able to attend and participate in first amendment activities and freedom from government-imposed stigma.

113.    Placing Plaintiff and maintaining him on the FDLE Flyer without any legitimate basis violates his right to substantive due process under the Fifth Amendment to the U.S. Constitution.

114.    Defendant Ron DeSantis and FDLE violated Plaintiff's constitutional rights and have caused an injury that is not justified by any legitimate government interest and that will continue to subject him to further harm absent the relief requested below.

## COUNT VII
### Unconstitutional Vagueness (Fifth Amendment)
### (Governor Ron DeSantis and FDLE)

115.    Plaintiffs hereby incorporates Paragraphs 1 through 76 above as if fully and separately set forth herein.

116.    The U.S. Constitution guarantees all persons the right to due process. U.S. Const. amend. V. The Fifth Amendment's guarantee of due process applies to state governments through the Fourteenth Amendment. U.S. Const. amend. XIV.

117.    Defendants Ron DeSantis and FDLE's Governor's List criteria are unconstitutionally vague under the Fifth Amendment to the U.S. Constitution, facially and as applied to Plaintiff, because they fail to provide Plaintiff or any individual with fair notice of what conduct is prohibited, they encompass constitutionally protected expression and association, and they invite arbitrary and discriminatory enforcement.

## COUNT VIII
### Unconstitutional Vagueness (Fifth Amendment)
### (Governor Ron DeSantis and FDLE)

118.    Plaintiffs hereby incorporates Paragraphs 1 through 76 above as if fully and separately set forth herein.

119.    The U.S. Constitution guarantees all persons the right to due process. U.S. Const. amend. V. The Fifth Amendment's guarantee of due process applies to state governments through the Fourteenth Amendment. U.S. Const. amend. XIV.

120.    Defendants Ron DeSantis and FDLE's Flyer criteria are unconstitutionally vague under the Fifth Amendment to the U.S. Constitution, facially and as applied to Plaintiff, because they fail to provide Plaintiff or any individual with fair notice of what conduct is prohibited, they encompass constitutionally protected expression and association, and they invite arbitrary and discriminatory enforcement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs ask this Court:

A) to declare that Defendants' restriction on Plaintiff's speech, violates the First and Fourteenth Amendments to the U.S. Constitution as set forth in this Complaint;

B) to declare that Defendants' inclusion of Plaintiff on the Governor's List, violates the Fifth and Fourteenth Amendments to the U.S. Constitution as set forth in this Complaint;

C) to declare that Defendants' inclusion of Plaintiff on the FDLE Flyer, violates the Fifth and Fourteenth Amendments to the U.S. Constitution as set forth in this Complaint;

D) to preliminarily and permanently enjoin Defendants' speech restriction and its application to Plaintiff's speech as set forth in this Complaint;

E) to preliminarily and permanently enjoin Defendants' inclusion of Plaintiff on Governor's List and its application to Plaintiff's speech as set forth in this Complaint;

F) to preliminarily and permanently enjoin Defendants' inclusion of Plaintiff on FDLE Flyer and its application to Plaintiff's speech as set forth in this Complaint;

G) to award Plaintiff nominal damages for the past loss of his constitutional rights as set forth in this Complaint;

H) to award Plaintiff his reasonable attorney fees, costs, and expenses pursuant to 42 U.S.C. § 1988 and other applicable law; and

I) to grant such other and further relief as this Court should find just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all claims so triable.

DATED: June 15, 2022

Respectfully submitted,

**/s/Khurrum Wahid**
Khurrum Wahid, Esq.
WAHID VIZCAINO GELLER LLP
2103 Coral Way, Suite 401
Miami, Florida 33145
khurrum@wvmlawfirm.com
khurrum@wvglegal.com
(305)444-4303
(305)444-4302

**/s/ Khurrum Wahid**
Counsel for Plaintiff
Florida Bar 178764