IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

THOMAS KENNEDY, individually,

    Plaintiff,                                          Case No. 1:22-cv-21827-KMW

v.

RON DESANTIS, in his official
capacity of Governor of the State of Florida,
MARK GLASS, in his official capacity of
Acting Commissioner of The Florida Department
of Law Enforcement, MIAMI-DADE COUNTY,
a political subdivision of the state of Florida,
CITY OF MIAMI, a municipality of
the State of Florida, and JOHN DOE,
unknown Security Guard.

    Defendants.
_____/

**OPPOSED MOTION TO AMEND THE COMPLAINT AND RESPONSE TO DEFENDANT CITY OF MIAMI'S MOTION TO DISMISS WITH PREJUDICE**

Plaintiff Thomas Kennedy, by and through his undersigned attorney, files this Motion to Amend the Complaint (Opposed by Defendant City of Miami) and Response to Defendant City of Miami's Motion to Dismiss the Complaint with Prejudice [DE 25], and in support states:

1.    Plaintiff filed the complaint on June 15, 2022 [DE 1].

2.    Defendant City of Miami was served and filed its motion to dismiss the complaint with prejudice [DE 25] on August 25, 2022.

3.    All of the served Defendants filed a motion to dismiss, which resulted in multiple deadlines to respond. Therefore, the Plaintiff filed a motion for an extension of time to respond to the outstanding motions. [DE 29]. The Court granted the motion and set the deadline to file a response by September 8, 2022.

1

4. Plaintiff has reached out to each Defendant and asked whether they would be opposed to an order granting their respective motions to dismiss and allowing Plaintiff an additional ten days to file an amended complaint.

5. All of the Defendants, other than the City of Miami, are unopposed to an order granting the respective motions to dismiss and allowing Plaintiff an additional ten days to file an amended complaint.

6. This motion seeks to allow for the City of Miami's motion to dismiss to be granted without prejudice, and to allow Plaintiff an additional ten days to file an amended complaint.

7. In his complaint, as it relates to Defendant City of Miami, Plaintiff alleged that:

a. "Defendant City of Miami, a municipality of the State of Florida. Through its police department enforces, the City of Miami has been enforcing the Governor's unlawful actions." Para 16 of the Complaint.

b. "As a municipality of the State of Florida, the City of Miami is mandated to comply with the First, Fifth, and Fourteenth Amendments to the U.S. Constitution." Para 21 of the Complaint.

c. "Shortly thereafter, a City of Miami police officer approached Plaintiff and told Plaintiff that Plaintiff "had to leave and move to a staging location" which was a block away." Para 62 of the Complaint/

d. "The City of Miami Police officer also told Plaintiff that Plaintiff was not allowed to stand on the public sidewalk either." Para 63 of the Complaint.

e. "A review of body camera footage obtained through a public records request showed that the City of Miami police officer discussed arresting Plaintiff." Para 64 of the Complaint.

8. In his complaint, the City of Miami was included in Count I (42 U.S.C. § 1983) - Violation of Freedom of Speech Under the First and Fourteenth Amendment to the Constitution of the United States, Count II (42 U.S.C. § 1983) - Violation of Equal Protection (Fourteenth Amendment).

9. In its Motion to Dismiss, the City of Miami argues that Plaintiff failed to state a cause of action against the City of Miami. Further, the City of Miami argues that under Grech v. Clayton Cnty., 335 F.3d 1326, 1329 (11th Cir. 2003) (en banc), that the Plaintiff failed to allege either that the City of Miami has an official promulgated policy or that the City of Miami that the City of Miami has a practice of custom or practice of the shown through the repeated acts of a final policymaker.

10. The City of Miami further argues that due to Plaintiff's failure to make these allegations in its complaint, that it cannot sustain its suit against the City. Further, by seeking dismissal with prejudice, the City of Miami is arguing that "Here, however, the claims against the City are predicated on an isolated incident, not a widespread practice, thereby making any amendment "futile" on its face. Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). For this reason, dismissal with prejudice is appropriate."

11. Plaintiff agrees that Plaintiff failed to set forth the allegations necessary to overcome a motion to dismiss, which is why Plaintiff has proposed an order that would grant the motion to dismiss with leave to amend within 10 days, however, Plaintiff does not agree that amending the complaint will be "futile" on its face pursuant to Bryant v. Dupree.

12. "The district court's discretion to dismiss a complaint without leave to amend "is 'severely restricted' by Fed.R.Civ.P. 15(a), which directs that leave to amend 'shall be freely given when justice so requires.'" *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988) (citation

omitted). Generally, "where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991). A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile" Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001).

13. In this case, the general rule that "where a more carefully drafted complaint might state a claim" is clear, and therefore plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.

14. And due to the nature of this case, and the fact that the other defendants who have indicated that they are unopposed to this court granting their motions to dismiss with plaintiff having 10 days to file an amended complaint, it will be in the best interest of all parties, and in the best interest of judicial economy, for plaintiff to be allowed to have the opportunity to amend his complaint.

15. Additionally, the lack of carefully drafted pleadings does not mean that it would be futile for Plaintiff to draft an amended complaint. Plaintiff intends to include allegations against the City of Miami that will specifically include the allegations that the City of Miami has official promulgated policies that the officers were following, and that City of Miami has a practice of custom or practice shown through the repeated acts of a final policymaker that the officers were following, among other allegations that will meet the threshold necessary to meet the requirements necessary to maintain this lawsuit against the City of Miami.

## CONCLUSION

Plaintiff hereby requests that the Court deny the City of Miami's Motion to Dismiss with Prejudice, and allow Plaintiff to amend its complaint within 10 days of this Court's Order.

**/s/Khurrum Wahid**
Khurrum Wahid, Esq.
 WAHID VIZCAINO GELLER LLP
2103 Coral Way, Suite 401
Miami, Florida 33145
khurrum@wvmlawfirm.com
khurrum@wvglegal.com
(305)444-4303
(305)444-4302

   **/s/ Khurrum Wahid**
Counsel for Plaintiff
Florida Bar 178764

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 8, 2022, a true and correct copy of the foregoing was filed with the Court and to the Clerk of Court via ECF.

**/s/Khurrum Wahid**
Khurrum Wahid, Esq.
 WAHID VIZCAINO GELLER LLP
2103 Coral Way, Suite 401
Miami, Florida 33145
khurrum@wvmlawfirm.com
khurrum@wvglegal.com
(305)444-4303
(305)444-4302

   **/s/ Khurrum Wahid**
Counsel for Plaintiff
Florida Bar 178764