IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

THOMAS KENNEDY, individually,

       Plaintiff,                          Case No. 1:22-cv-21827-KMW

v.

RON DESANTIS, in his official
capacity of Governor of the State of Florida,
MARK GLASS, in his official capacity of
Commissioner of The Florida Department
of Law Enforcement, MIAMI-DADE COUNTY,
a political subdivision of the state of Florida,
CITY OF MIAMI, a municipality of
the State of Florida,

       Defendants.

_____/

**AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

       Plaintiff Thomas Kennedy (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel, bring this Amended Complaint against Defendants Ron DeSantis, in his official capacity as Governor of the State of Florida ("Governor DeSantis"), Mark Glass, in his official capacity as Commissioner of The Florida Department of Law Enforcement ("Mark Glass"), Miami-Dade County ("Miami-Dade County"), and City of Miami ("City of Miami"), and in support thereof allege the following:

INTRODUCTION

       1.     Plaintiff is a journalist who has been seeking to attend Governor DeSantis press conferences to ask questions and report on the Governor's policies and plans, which include the Governor's plan for COVID and other important policy matter.  In addition to journalism, Plaintiff is a political activist.

2.      Plaintiff attended Governor DeSantis' July 14, 2020 press conference, and after raising important questions to the Governor, Plaintiff was removed by Governor DeSantis' staff based on the content or viewpoint of the Plaintiff.  At Governor DeSantis' direction, the Florida Department of Law Enforcement ("FDLE"), Miami-Dade County, and the City of Miami have repeatedly denied Plaintiff entry into subsequent Governor DeSantis press conferences, and Plaintiff is in fear that Governor DeSantis, FDLE, Miami-Dade County, and the City of Miami will continue to deny Plaintiff entry into Governor DeSantis press events in the future, which will not only continue to be a violation of Plaintiff's constitutional rights, but also severely hindering Plaintiff from doing his job as a journalist.

3.      At Governor DeSantis' direction, Plaintiff has also been blocked from subscribing to Governor DeSantis's press email list based on the content or viewpoint of the Plaintiff.  The blocking of Plaintiff to even have access to the Governor's press email account, which provides the subscribing public access to the Governor's public schedule, press events, notices of executive orders, and other Governor DeSantis official actions, is another example of Governor DeSantis preventing Plaintiff from having access to government based on the content or viewpoint of the Plaintiff.  As a journalist, Plaintiff relies on the email subscription list in order to be able to do his job, and since he was blocked, he is unable to fully do his job as a journalist.  Without allowing Plaintiff to subscribe to the email subscription list, Plaintiff's constitutional rights will continue to be violated, and Plaintiff continue to be hindered and prevented from doing his job as a journalist. A screenshot showing that Plaintiff is blocked from subscribing to Governor DeSantis's press email is attached as Exhibit "A".

4.      At Governor DeSantis' direction, Governor DeSantis added Plaintiff to a list ("No Entry List") of names that Governor DeSantis maintains in order for Governor DeSantis to have

circulated ahead of his press events, for the sole purpose of preventing the named persons from being able to enter his press events.  Governor DeSantis adds names to the No Entry List of those persons who he disagrees with and is based on the content and viewpoint of the person, which includes political activists and journalist.  This No-Entry List was circulated to Defendant Mark Glass, Defendant Miami-Dade County, and Defendant City of Miami, and very likely circulated throughout government and law enforcement agencies throughout the State of Florida.  A copy of the No-Entry List is being sought in discovery.

5.     At Governor DeSantis' direction to Mark Glass, Mark Glass instructed the FDLE to investigate Plaintiff based on the content or viewpoint of the Plaintiff, which resulted in FDLE creating a "Situational Awareness Flyer" ("Flyer") about Plaintiff which was circulated to Defendant Miami-Dade County and Defendant City of Miami, and very likely circulated throughout government and law enforcement throughout the State of Florida.  A copy of the Flyer is attached as Exhibit "B".

6.     At Governor DeSantis' and Mark Glass's direction, the Governor's office and FDLE instructed Miami-Dade County and the City of Miami Police Departments not to allow Plaintiff entry into Governor DeSantis' press events based on the content or viewpoint of the Plaintiff's journalism activities and Plaintiff's speech.

7.     At Governor DeSantis' and Mark Glass's direction, the Governor's office and FDLE circulated the Flyer to Miami-Dade County and the City of Miami Police Departments instructing Miami-Dade County and the City of Miami Police Departments to not allow Plaintiff to entry into Governor DeSantis' press events based on the content or viewpoint of the Plaintiff's journalism activities and Plaintiff's speech.

8.      At Governor DeSantis' and Mark Glass's direction, the Governor's office and FDLE circulated the No-Entry List to Miami-Dade County and the City of Miami Police Departments instructing Miami-Dade County and the City of Miami Police Departments to not allow Plaintiff to entry into Governor DeSantis' press events.

9.      It is the policy of Miami-Dade County's police department to augment and provide additional security resources for the Governor when the Governor is in Miami-Dade County.

10.      The Miami-Dade County police department policy is to follow the orders and commands of the Governor's Office and the Florida Department of Law Enforcement when providing security resources to the Governor and / or the Florida Department of Law Enforcement.

11.      Miami-Dade County's police department trains its officers to follow the direction of and provide support to the Governor's Office and the Florida Department of Law Enforcement when augmenting and providing additional security resources for the Governor when the Governor is in Miami-Dade County.

12.      It is the policy of the City of Miami police department to augment and provide additional security resources for the Governor when the Governor is in the City of Miami.

13.      The City of Miami police department policy is to follow the orders and commands of the Governor's Office and the Florida Department of Law Enforcement when providing security resources to the Governor and / or the Florida Department of Law Enforcement.

14.      The City of Miami's police department trains its officers to follow the direction of and provide support to the Governor's Office and the Florida Department of Law Enforcement when augmenting and providing additional security resources for the Governor when the Governor is in the City of Miami.

15.     Prior to each Governor DeSantis press event subsequent to the July 14, 2020 press conference, Governor DeSantis directed the Governor's office and Mark Glass directed the FDLE to circulate the Flyer and No-Entry List to Miami-Dade County's police department along with instructions to specifically deny Plaintiff entry to those Governor DeSantis press events within Miami-Dade County's police department's jurisdiction, based on the content or viewpoint of the Plaintiff's journalism activities and Plaintiff's speech.

16.     Prior to each Governor DeSantis press event subsequent to the July 14, 2020 press conference, Governor DeSantis directed the Governor's office and Mark Glass directed the FDLE to circulate the Flyer and No-Entry List to The City of Miami's police department along with instructions to specifically deny Plaintiff entry to those Governor DeSantis press events within the City of Miami's police department's jurisdiction, based on the content or viewpoint of the Plaintiff's journalism activities and Plaintiff's speech.

17.     Miami-Dade County Police, including their officers who, at the direction of The Governor's Office and FDLE, carried out Governor DeSantis and Mark Glass's directions, to not allow Plaintiff to enter or attend Governor DeSantis press events.  Miami-Dade County Police, including their officers, were complicit in denying Plaintiff his constitutional rights.

18.     The City of Miami Police, including their officers who, at the direction of The Governor's Office and FDLE, carried out Governor DeSantis and Mark Glass's directions, to not allow Plaintiff to enter or attend Governor DeSantis press events.  The City of Miami Police, including their officers, were complicit in denying Plaintiff his constitutional rights.

19.     The Flyer and the No-Entry List makes it clear that the Plaintiff's name is known to the Governor and the other Defendants for his lawful first amendment protected activities.

20.     Governor DeSantis, Mark Glass, Miami-Dade County, and the City of Miami's actions to prohibit Plaintiff from attending Governor DeSantis press events are continuing in nature and are preventing Plaintiff from exercising his freedom of speech and his ability to report on Governor DeSantis press events as a journalist.

21.     Governor DeSantis, Mark Glass, Miami-Dade County, and the City of Miami do not restrict or prohibit other journalists from entry to Governor DeSantis press events based on the content or viewpoint of the other journalists' journalism activities and their speech.

22.     This case seeks to protect and vindicate fundamental constitutional rights. It is a civil rights action brought under the First, Fifth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, challenging Defendants' restrictions on Plaintiffs' 1) right to freedom of speech, 2) right to practice as a journalist, 3) right to subscribe to the Governor's press email list to know about upcoming press events and Governor DeSantis schedules and executive actions, 4) right to be free from Governor DeSantis, Mark Glass, the Miami-Dade police department, and the City of Miami police department denying Plaintiff access to Governor DeSantis press events, and 5) right to be free from being placed on Governor DeSantis and FDLE's No Entry List without due process of law.  All of these actions against Plaintiff are due to the Defendants taking action on behalf of Governor DeSantis' disagreement with the content or viewpoint of the Plaintiff's journalism activities and Plaintiff's speech.

23.     Governor DeSantis has a history of being hostile to journalists whose viewpoints and speech he does not agree with, as well as a history of removing journalists from press conferences whose viewpoints and speech he does not agree with[1].

---

[1] See https://www.clickorlando.com/news/local/2022/01/04/citizens-activists-removed-from-gov-desantis-news-conference-in-jacksonville/, https://www.wtsp.com/article/news/regional/florida/cnn-desanris-covid19/67-3891c540-36d8-4f59-ac0e-d7640989e7f9

24.     Defendants' actions operate as a prior restraint on Plaintiffs' speech, prohibiting Plaintiffs from entering Governor DeSantis press events for purposes of restraining Plaintiff's speech, unlawfully and arbitrarily detaining Plaintiff based on the content and viewpoint of Plaintiffs' journalism activities and Plaintiff's speech, and adding Plaintiff's name to the Governor's No Entry List and the FDLE flyer without due process of law.

25.     Plaintiff is in fear that without Court action, the Defendants will continue to violate his constitutional rights, and therefore Plaintiff seeks a declaration from this Court affirming that his rights have been violated and a permanent injunction against future violations of his rights.

26.     Without declaratory and injunctive relief, Plaintiff will continue to be injured by Defendants' actions.

27.     All conditions precedent have been met or waived.

28.     Plaintiff has retained the undersigned law firm and agreed to pay them a reasonable fee.

JURISDICTION AND VENUE

29.     Plaintiffs' claims arise under the Constitution and laws of the United States. This Court has jurisdiction over these claims under 28 U.S.C. §§ 1331, 1343(a)(3).

30.     This Court has the authority to grant declaratory and injunctive relief under 28 U.S.C. § 2201-2202 and Fed. R. Civ. P. 57 and 65.

31.     The federal rights asserted by Plaintiffs are enforceable under 42 U.S.C. § 1983. 4

32.     Venue is proper in the Southern District of Florida under 28 U.S.C. § 1391(e).

33.     All or nearly all of the events and omissions by Defendants giving rise to this action occurred in this judicial district.

PLAINTIFF

34.     Plaintiff Thomas Kennedy is an adult Florida resident residing within this Court's jurisdiction and otherwise sui juris, and is a journalist, political activist, has press credentials and is a journalist writing for various publications including Occupy Democrats and Latino Rebels, among others.

DEFENDANTS

35.     The Honorable Ron DeSantis, as Governor of the State of Florida, and is sued in his official capacity. The Governor, through his agents and employees, has committed, and continues to commit, the constitutional violations alleged in this complaint within Miami-Dade County.   References to Governor DeSantis's actions and directions include those actions of Governor DeSantis's senior staff and subordinates within the Governor's Executive Office of the Governor.

36.     Defendant Mark Glass ("Mark Glass", in his official capacity as Commissioner of the Florida Department of Law Enforcement ("FDLE")[2]. The FDLE is an agency of the State of Florida that serves law enforcement functions to the State of Florida "To promote public safety and strengthen domestic security by providing services in partnership with local, state, and federal criminal justice agencies to prevent, investigate, and solve crimes while protecting Florida's citizens and visitors."[3]  References to Mark Glass's actions and directions include those actions of Mark Glass's senior staff and subordinates within the Florida Department of Law Enforcement.

---

[2] On August 23, 2022, Governor DeSantis appointed Mark Glass as Commissioner of the Florida Department of Law Enforcement.  Mark Glass was previously the Acting Commissioner.  See https://www.flgov.com/2022/08/23/governor-ron-desantis-appoints-mark-glass-as-commissioner-of-the-florida-department-of-law-enforcement/.

[3] Quote is from the Florida Department of Law Enforcement's Mission Statement.

8

37.     Mark Glass directs the FDLE, which, through its agents and employees, has committed, and continues to commit, the constitutional violations alleged in this complaint within Miami-Dade County.

38.     Defendant Miami-Dade County is a political subdivision of the State of Florida organized under the laws of Florida. Through its police department, Miami-Dade County has been enforcing the Governor's unlawful actions.

39.     Defendant City of Miami, a municipality of the State of Florida. Through its police department enforces, the City of Miami has been enforcing the Governor's unlawful actions.

40.     As the Governor of the State of Florida, Governor DeSantis is mandated to comply with the First, Fifth, and Fourteenth Amendments to the U.S. Constitution.

41.     As the Commissioner of the FDLE, which is an agency of the State of Florida, the Mark Glass and the FDLE are mandated to comply with the First, Fifth, and Fourteenth Amendments to the U.S. Constitution.

42.     As a political subdivision of the State of Florida, Miami-Dade County is mandated to comply with the First, Fifth, and Fourteenth Amendments to the U.S. Constitution.

43.     As a municipality of the State of Florida, the City of Miami is mandated to comply with the First, Fifth, and Fourteenth Amendments to the U.S. Constitution.

**THE NO-ENTRY LIST AND FLYER**

44.     After being informed that his name was on a No-Entry List, Plaintiff sought to find out more information as to why he was on this No-Entry List.

45.     Pursuant to multiple public records requests made by Plaintiff, Plaintiff discovered that his name and picture are on a flyer created and circulated by FDLE titled "Situational Awareness". ("Flyer").

46.     The Flyer includes allegations about Plaintiff's first amendment related activities and includes a picture of Plaintiff.

47.     The Flyer says "Florida Department of Law Enforcement" with the FDLE logos. It then says "Situational Awareness" with a red subtitle of "FOR FDLE INTERNAL USE ONLY". The date of the flyer is July 14, 2020, and the "Situational Awareness" box is checked. There is a description that lists the July 13, 2020 Governor DeSantis press conference at Jackson Memorial Hospital and says in pertinent part that "During the press conference, Thomas Kennedy (DOB 03/01/1991) disrupted the conference by directing verbal outbursts towards Governor DeSantis. Kennedy was escorted out without further incident. Note: it is unknown how Thomas Kennedy gained access to the press conference, which was closed to the public and open to the press". The Flyer goes on to say that Plaintiff has no known history of violence, but that he has "conducted direct actions (sleeping dragons)". The also Flyer references Plaintiff's social media activities.

48.     The Flyer includes photos of Plaintiff and an example of Plaintiff's twitter social media account.

49.     The No-Entry List was not provided to Plaintiff in response to Plaintiff's public records requests.

50.     The Flyer makes it clear that the Defendants' name is known to Governor DeSantis and the FDLE for Plaintiff's lawful first amendment protected activities.

51.     With the use of the No-Entry List and the FDLE flyer, Governor DeSantis, Mark Glass and the FDLE, Miami-Dade County, and the City of Miami were preventing Plaintiff from attending press events held by Governor DeSantis on the basis of the content and viewpoint of Plaintiffs' journalism and political activities, in violation of Plaintiff's freedom of speech.

52.     The use by all of the Defendants of the Flyer, and the use of Plaintiff's name on the No-Entry List, are violations of Plaintiff's First, Fifth, and Fourteenth Amendment rights.

53.     The loss of Plaintiff's Civil Rights, for even minimal periods of time, unquestionably constitutes irreparable injury sufficient to warrant injunctive relief.

**EVENTS WHICH PLAINTIFF HAS BEEN REMOVED OR DENIED ACCESS**

JULY 14, 2020 GOVERNOR DESANTIS PRESS EVENT

54.     On or about July 14, 2020, Governor DeSantis held a press conference at Jackson Memorial Hospital in Miami-Dade County, Florida, regarding the State of Florida's response to the COVID-19 pandemic.

55.     The Governor's response to the Pandemic is and continues to be of great public importance.

56.     Plaintiff attended as part of the press, working for the publication, Latina Communica.

57.     During the July 14, 2020 press conference, Plaintiff raised his concern and viewpoint, that the Governor's lack of a plan for COVID was embarrassing and that the Governor was doing a bad job related to COVID.  Plaintiff was seeking to report on the Governor's response to the concern / viewpoint raised by Plaintiff.

58.     While Plaintiff was speaking, a law enforcement officer aggressively approached Plaintiff, pushed Plaintiff, and told Plaintiff "You are being trespassed" and then asked for Plaintiff's identification.[4]

---

[4] Plaintiff believes that this law enforcement personnel was an agent of The Governor's Office, the FDLE, Miami-Dade County police, or the City of Miami Police.  The Plaintiff plans to find out the identify of the person and the agency the person belonged to through discovery.

59.     Plaintiff showed his identification and press credentials, and despite showing his identification and press credentials, the law enforcement officer forced Plaintiff to leave the press conference.

60.     The officer did not explain why Plaintiff was being removed and provided no information to Plaintiff other than that Plaintiff was being trespassed and that he had to leave.

61.     The only explanation for Plaintiff being removed was due to Governor DeSantis's disagreement with the content and viewpoint of Plaintiffs' speech.  By being removed, Plaintiff was also unable to properly do his job as a journalist, and his First, Fifth, and Fourteenth Amendments constitutional rights were violated.

                December 16, 2020 GOVERNOR DESANTIS PRESS EVENT

62.     On or about December 16th, 2020, Governor DeSantis held a press conference at a John Knox Senior Center in Broward County, Florida[5].

63.      Plaintiff planned on attending as a journalist, had press credentials with him, however he was not allowed entry to the Governor's press event.

64.     Plaintiff attempted to enter the press conference, however, the security at the gated entrance informed Plaintiff that security had instructions to specifically not allow Plaintiff into the premises or the press conference.

65.     Plaintiff inquired as to why he was specifically not allowed to enter, and the security guard told Plaintiff that Plaintiff was on a "list" and that is why Plaintiff could not enter.

---

[5] https://flgov.com/2020/12/16/in-case-you-missed-it-governor-ron-desantis-visits-long-term-care-facility-in-pompano-beach/

66.     Plaintiff was not allowed entry to Governor DeSantis' press event due to Governor DeSantis and Mark Glass placing Plaintiff on the No-Entry List and the circulation of the Flyer, with specific instructions to not allow Plaintiff to enter the Governor's press event.

67.     Governor DeSantis and Mark Glass added Plaintiff's name to the No-Entry List and circulated the Flyer with specific instructions to not allow Plaintiff to enter the Governor's press event for the purpose of preventing Plaintiff from attending Governor DeSantis' press events, due to the Governor's disagreement with the content and viewpoint of Plaintiffs' speech.

68.     The adding of Plaintiff's name to the No-Entry List and Flyer for the use of restricting Plaintiff's First Amended protected speech, are violations of Plaintiff's Fifth and Fourteenth Amendment rights to the constitution, as Plaintiff was not provided notice that he was on the No-Entry List or Flyer, and not provided a method to contest his being added to the No-Entry List or Flyer.

69.     The use of the No-Entry List and Flyer for the purpose of restricting Plaintiff's First Amended protected speech, are violations of Plaintiff's First and Fourteenth Amendment rights to the constitution.

70.     By being prevented from attending Governor DeSantis' press event, Plaintiff was also unable to properly do his job as a journalist.

February 23, 2021 GOVERNOR DESANTIS PRESS EVENT

71.     On or about February 23, 2021, Governor DeSantis held a press conference about the State's vaccine rollout at a Navarro convenience store located in the City of Hialeah, Florida.

72.     Plaintiff planned on attending as a journalist, had press credentials with him, however he was not allowed entry to the Governor's press event.

73.     When Plaintiff arrived at the event and attempted to enter the Governor's press conference, law enforcement officers[6] who appeared to be the Governor's security detail singled out Plaintiff and prevented Plaintiff from entering the press conference.

74.     Plaintiff inquired as to why he was specifically not allowed to enter, and the law enforcement officers told him that he was on a "list" and he was on "private property" that is why Plaintiff could not enter.

75.     Plaintiff was not allowed entry to Governor DeSantis' press event due to Governor DeSantis and Mark Glass placing Plaintiff on the No-Entry List and the circulation of the Flyer, with specific instructions to not allow Plaintiff to enter the Governor's press event.

76.     Governor DeSantis and Mark Glass added Plaintiff's name to the No-Entry List and circulated the Flyer with specific instructions to not allow Plaintiff to enter the Governor's press event for the purpose of preventing Plaintiff from attending Governor DeSantis' press events, due to the Governor's disagreement with the content and viewpoint of Plaintiffs' speech.

77.     The adding of Plaintiff's name to the No-Entry List and Flyer for the use of restricting Plaintiff's First Amended protected speech, are violations of Plaintiff's Fifth and Fourteenth Amendment rights to the constitution, as Plaintiff was not provided notice that he was on the No-Entry List or Flyer, and not provided a method to contest his being added to the No-Entry List or Flyer.

78.     The use of the No-Entry List and Flyer for the purpose of restricting Plaintiff's First Amended protected speech, are violations of Plaintiff's First and Fourteenth Amendment rights to the constitution.

---

[6] Plaintiff believes that this law enforcement personnel was an agent of The Governor's Office, the FDLE, Miami-Dade County police, or the City of Miami Police. The Plaintiff plans to find out the identity of the law enforcement personnel and the agency the persons belonged to through discovery.

79.     By being prevented from attending Governor DeSantis' press event, Plaintiff was also unable to properly do his job as a journalist.

April 8, 2021 GOVERNOR DESANTIS PRESS EVENT

80.     On or about April 8, 2021, Governor DeSantis held a press conference about the State's argument with the Cruise Ship industry about vaccine passports. The press conference was being held at the Port of Miami.

81.     Plaintiff planned on attending as a journalist, had press credentials with him, however he was not allowed entry to the Governor's press event.

82.     The Governor's press event was on the top floor of a parking garage at the Port of Miami.

83.     Plaintiff arrived at the Port of Miami and parked in a parking lot that was adjacent to the garage where the Governor's press conference was being held.

84.     Upon Plaintiff parking his vehicle, and while still in his vehicle, Plaintiff was approached by several Miami-Dade County police officers.

85.     One of the officers ("Officer Number 1") knocked on Plaintiff's car window. Plaintiff opened his window and asked the officer "did I do something wrong officer?". Officer Number 1 responded by saying "We will talk about it, but first step out of the car".

86.     As Plaintiff complied and was getting out of his vehicle, Officer Number 1 said "hands where I can see them" in an aggressive and authoritative manner. Plaintiff responded by asking "Why am I being detained?".

87.     Plaintiff also asked if he could grab his cell phone.

88.     Officer Number 1 had the second officer ("Officer Number 2") get the Plaintiff's keys and cell phone from the vehicle and hand them to Plaintiff.

15

89.     Plaintiff then began to film the interaction between himself and the Officers.

90.     The video shows the following exchange between Plaintiff and the Officer.

….

Plaintiff: "why am I being detained?"

Officer: "You are being trespassed warning, you are not allowed at this port" "so right now I need to escort you out of the port"

Plaintiff: "Can I ask a reason why I am not allowed"

Officer: "I am going to give it to you"

Plaintiff: "what is it, why am I being detained"

Officer: "They do not want you in this port, you are not allowed."

Plaintiff: "It is a public port"

Officer: "Not for you"

Officer: "You can pick it up with a lawyer if you want to"

Officer: "We are not going to tell you, I do not know who gave the order, I have an order for you I will give you a trespass warning, in good faith I am going to escort you out"

Plaintiff: "This is a publicly funded port" " I am a public tax payer"

Officer: "I am not going to tell you again"
…..

91.     Plaintiff was in this situation for approximately 20 to 30 minutes before Officer #1

escorted him out of the Port of Miami.

92.     Plaintiff was not allowed entry to Governor DeSantis' press event due to Governor

DeSantis and Mark Glass placing Plaintiff on the No-Entry List and the circulation of the Flyer,

with specific instructions to not allow Plaintiff to enter the Governor's press event.

16

93.     Governor DeSantis and Mark Glass added Plaintiff's name to the No-Entry List and circulated the Flyer with specific instructions to not allow Plaintiff to enter the Governor's press event for the purpose of preventing Plaintiff from attending Governor DeSantis' press events, due to the Governor's disagreement with the content and viewpoint of Plaintiffs' speech.

94.     The adding of Plaintiff's name to the No-Entry List and Flyer for the use of restricting Plaintiff's First Amended protected speech, are violations of Plaintiff's Fifth and Fourteenth Amendment rights to the constitution, as Plaintiff was not provided notice that he was on the No-Entry List or Flyer, and not provided a method to contest his being added to the No-Entry List or Flyer.

95.     The Miami-Dade Police Officers were following Miami-Dade County's Police Department policy by enforcing orders, instructions, commands given to them by Miami-Dade County, Governor DeSantis and his Office, and Mark Glass and the FDLE to restrain Plaintiff, prohibit Plaintiff from entering the press event, and removing Plaintiff from the public Port of Miami parking lot.

96.     This event was not only a violation of Plaintiff's constitutional rights, but it also caused serious apprehension and anxiety to Plaintiff for being put into this situation.

97.     The use of the No-Entry List and Flyer for the purpose of restricting Plaintiff's First Amended protected speech, are violations of Plaintiff's First and Fourteenth Amendment rights to the constitution.

98.     By being prevented from attending Governor DeSantis' press event, Plaintiff was also unable to properly do his job as a journalist.

July 7, 2021 GOVERNOR DESANTIS PRESS EVENT

99.     On or about July 7, 2021, Governor DeSantis held a press conference related to foreign policy in Cuba and Venezuela at the Miami Armory / National Guard Base in Miami, Florida.

100.     Plaintiff planned on attending as a journalist, had press credentials with him, however he was not allowed entry to the Governor's press event.

101.     Upon Plaintiff arriving at the front entrance of the Governor's press event, a National Guard officer told Plaintiff that Plaintiff is not allowed at the event or at the premises.

102.     During this encounter with the National Guard officer, Plaintiff observed the National guard officer looking at a list of names on a paper and the National guard officer informed Plaintiff that Plaintiff's name was on the list.

103.   This was the first time that Plaintiff physically saw the No-Entry List with his name and other names on it[7].   A copy of a photo showing the National Guard personnel looking at the No-Entry List is attached as Exhibit "C".

104.     The Florida National Guard Officer, a member of the Florida National Guard, which is an agency of the State of Florida under the direction of Governor Ron DeSantis, was following commands given to them by the Governor DeSantis and his Office, and Mark Glass and the FDLE to restrain Plaintiff, prohibit Plaintiff from entering the press event.

105.     Shortly thereafter, a City of Miami police officer approached Plaintiff and told Plaintiff that Plaintiff "had to leave and move to a staging location" which was a block away, and that Plaintiff was not allowed to stand on the public sidewalk either.

---

[7] Based on Plaintiff's observation of the No-Entry List, he observed several friends and associates of his listed as well.

106.    The City of Miami Police Officer was following the City of Miami Police Department policy by enforcing orders, instructions, commands given to them by the City of Miami, Governor DeSantis and his Office, and Mark Glass and the FDLE to restrain Plaintiff, prohibit Plaintiff from entering the press event, and removing Plaintiff from the Miami Armory / National Guard Base.

107.    A review of body camera footage obtained through a public records request showed that the City of Miami police officer discussed arresting Plaintiff.

108.    Plaintiff was not allowed entry to Governor DeSantis' press event due to Governor DeSantis and Mark Glass placing Plaintiff on the No-Entry List and the circulation of the Flyer, with specific instructions to not allow Plaintiff to enter the Governor's press event.

109.    Governor DeSantis and Mark Glass added Plaintiff's name to the No-Entry List and circulated the Flyer with specific instructions to not allow Plaintiff to enter the Governor's press event for the purpose of preventing Plaintiff from attending Governor DeSantis' press events, due to the Governor's disagreement with the content and viewpoint of Plaintiffs' speech.

110.    The adding of Plaintiff's name to the No-Entry List and Flyer for the use of restricting Plaintiff's First Amended protected speech, are violations of Plaintiff's Fifth and Fourteenth Amendment rights to the constitution, as Plaintiff was not provided notice that he was on the No-Entry List or Flyer, and not provided a method to contest his being added to the No-Entry List or Flyer.

111.    The use of the No-Entry List and Flyer for the purpose of restricting Plaintiff's First Amended protected speech, are violations of Plaintiff's First and Fourteenth Amendment rights to the constitution.

112. By being prevented from attending Governor DeSantis' press event, Plaintiff was also unable to properly do his job as a journalist.

## CLAIMS FOR RELIEF

### COUNT I
### (42 U.S.C. § 1983)
### Violation of Freedom of Speech Under the First and Fourteenth Amendment to the Constitution of the United States.
### (As to Governor DeSantis)

113. Plaintiff hereby incorporates Paragraphs 1 through 112 above as if fully and separately set forth herein.

114. By reason of the aforementioned removal and / or restrictions from entry into the above mentioned events held by Governor DeSantis, Governor DeSantis has deprived Plaintiff of his right to engage in protected speech in violation of the Free Speech Clause of the First Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983.

115. Governor DeSantis' restriction on Plaintiffs' speech is content- and viewpoint-based in violation of the Free Speech Clause of the First Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the U.S. Constitution.

116. Defendant Governor DeSantis's true purpose for adding Plaintiff or having Plaintiff added to the No-Entry List and the Flyer was to silence the viewpoint expressed by Plaintiff's speech. Consequently, the true purpose for adding and / or including Plaintiff on the No-Entry List and Flyer was to silence disfavored viewpoints in violation of the Free Speech Clause of the First Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the U.S. Constitution.

117.     Governor DeSantis continues to violate Plaintiff's First Amendment protections under the Constitution and will continue to violate Plaintiff's First Amendment protections under the Constitution, which, unless enjoined by this Court, will cause and continue to cause irreparable harm to Plaintiff.  Plaintiff has no other remedy at law.

118.     As a direct and proximate result of Defendant Governor DeSantis' violation of the Free Speech Clause of the First Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the U.S. Constitution, Plaintiff has suffered irreparable harm, including the loss of his constitutional rights, entitling him to declaratory and injunctive relief and nominal damages.

**COUNT II**
**(42 U.S.C. § 1983)**
**Violation of Freedom of Speech Under the First and Fourteenth Amendment to the Constitution of the United States.**
**(As to Mark Glass)**

119.     Plaintiff hereby incorporates Paragraphs 1 through 112 above as if fully and separately set forth herein.

120.     By reason of the aforementioned removal and / or restrictions from entry into the above mentioned events held by Governor DeSantis, Mark Glass has deprived Plaintiff of his right to engage in protected speech in violation of the Free Speech Clause of the First Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983.

121.     Mark Glass' restriction on Plaintiffs' speech is content- and viewpoint-based in violation of the Free Speech Clause of the First Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the U.S. Constitution.

122.     Defendant Mark Glass's true purpose for adding Plaintiff or having Plaintiff added to the No-Entry List and the Flyer was to silence the viewpoint expressed by Plaintiff's speech. Consequently, the true purpose for adding and / or including Plaintiff on the No-Entry List and Flyer was to silence disfavored viewpoints in violation of the Free Speech Clause of the First Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the U.S. Constitution.

123.     Mark Glass continues to violate Plaintiff's First Amendment protections under the Constitution and will continue to violate Plaintiff's First Amendment protections under the Constitution, which, unless enjoined by this Court, will cause and continue to cause irreparable harm to Plaintiff.  Plaintiff has no other remedy at law.

124.     As a direct and proximate result of Defendant Mark Glass' violation of the Free Speech Clause of the First Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the U.S. Constitution, Plaintiff has suffered irreparable harm, including the loss of his constitutional rights, entitling him to declaratory and injunctive relief and nominal damages.

## COUNT III
### (42 U.S.C. § 1983)
### Violation of Freedom of Speech Under the First and Fourteenth Amendment to the Constitution of the United States.
### (As to Miami-Dade County)

125.     Plaintiff hereby incorporates Paragraphs 1 through 112 above as if fully and separately set forth herein.

126.     By reason of the aforementioned removal and / or restrictions from entry into the above mentioned events held by Governor DeSantis, Miami-Dade County, through its police officers, has deprived Plaintiff of his right to engage in protected speech in violation of the Free

Speech Clause of the First Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983.

127.    Miami-Dade County's police officers removing and preventing Plaintiff from Governor DeSantis press events based on being instructed by the Governor's Office and / or the FDLE and based on their receipt of the No-Entry List and the Flyer, is a restriction on Plaintiffs' speech based on Plaintiff's content- and viewpoint, which is in violation of the Free Speech Clause of the First Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the U.S. Constitution.

128.    Miami-Dade County continues to violate Plaintiff's First Amendment protections under the Constitution and will continue to violate Plaintiff's First Amendment protections under the Constitution, any time there is a Governor DeSantis press event, which, unless enjoined by this Court, will cause and continue to cause irreparable harm to Plaintiff.  Plaintiff has no other remedy at law.

129.    As a direct and proximate result of Defendant Miami-Dade County's violation of the Free Speech Clause of the First Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the U.S. Constitution, Plaintiff has suffered irreparable harm, including the loss of his constitutional rights, entitling him to declaratory and injunctive relief and nominal damages.

**COUNT IV**
**(42 U.S.C. § 1983)**
**Violation of Freedom of Speech Under the First and Fourteenth Amendment to the Constitution of the United States.**
**(As to the City of Miami)**

130.    Plaintiff hereby incorporates Paragraphs 1 through 112 above as if fully and separately set forth herein.

131.    By reason of the aforementioned removal and / or restrictions from entry into the above mentioned events held by Governor DeSantis, the City of Miami, through its police officers, has deprived Plaintiff of his right to engage in protected speech in violation of the Free Speech Clause of the First Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983.

132.    The City of Miami's police officers removing and preventing Plaintiff from Governor DeSantis press events based on being instructed by the Governor's Office and / or the FDLE and based on their receipt of the No-Entry List and the Flyer, is a restriction on Plaintiffs' speech based on Plaintiff's content- and viewpoint, which is in violation of the Free Speech Clause of the First Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the U.S. Constitution.

133.    The City of Miami continues to violate Plaintiff's First Amendment protections under the Constitution and will continue to violate Plaintiff's First Amendment protections under the Constitution, any time there is a Governor DeSantis press event, which, unless enjoined by this Court, will cause and continue to cause irreparable harm to Plaintiff.  Plaintiff has no other remedy at law.

134.    As a direct and proximate result of Defendant City of Miami's violation of the Free Speech Clause of the First Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the U.S. Constitution, Plaintiff has suffered irreparable harm, including the loss of his constitutional rights, entitling him to declaratory and injunctive relief and nominal damages.

**COUNT V**
**(42 U.S.C. § 1983)**
**Violation of Freedom of the Press Under the First and Fourteenth Amendment to the**
**Constitution of the United States.**
**(As to Governor DeSantis)**

135.    Plaintiff hereby incorporates Paragraphs 1 through 112 above as if fully and separately set forth herein.

136.    By reason of the aforementioned removal and / or restrictions from entry into the above mentioned events held by Governor DeSantis, Governor DeSantis has deprived Plaintiff of his right to engage in journalism which is protected speech in violation of the Freedom of the Press Clause of the First Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983.

137.    Governor DeSantis' restriction on Plaintiffs' journalistic speech is content- and viewpoint-based in violation of the Freedom of the Press Clause of the First Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the U.S. Constitution.

138.    Defendant Governor DeSantis's true purpose for adding Plaintiff or having Plaintiff added to the No-Entry List and the Flyer was to silence the viewpoint expressed by Plaintiff's journalistic activity.  Consequently, the true purpose for adding and / or including Plaintiff on the No-Entry List and Flyer was to silence disfavored viewpoints in violation of the Freedom of the Press Clause of the First Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the U.S. Constitution.

139.    Governor DeSantis continues to violate Plaintiff's First Amendment protections under the Constitution and will continue to violate Plaintiff's First Amendment protections under

the Constitution, which, unless enjoined by this Court, will cause and continue to cause irreparable harm to Plaintiff. Plaintiff has no other remedy at law.

140. As a direct and proximate result of Defendant Governor DeSantis' violation of the Freedom of the Press Clause of the First Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the U.S. Constitution, Plaintiff has suffered irreparable harm, including the loss of his constitutional rights, entitling him to declaratory and injunctive relief and nominal damages.

**COUNT VI**
**(42 U.S.C. § 1983)**
**Violation of Freedom of the Press Under the First and Fourteenth Amendment to the Constitution of the United States.**
**(As to Mark Glass)**

141. Plaintiff hereby incorporates Paragraphs 1 through 112 above as if fully and separately set forth herein.

142. By reason of the aforementioned removal and / or restrictions from entry into the above mentioned events held by Governor DeSantis, Mark Glass has deprived Plaintiff of his right to engage in journalism which is protected speech in violation of the Freedom of the Press Clause of the First Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983.

143. Mark Glass' restriction on Plaintiffs' journalistic speech is content- and viewpoint-based in violation of the Freedom of the Press Clause of the First Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the U.S. Constitution.

144. Defendant Mark Glass' true purpose for adding Plaintiff or having Plaintiff added to the No-Entry List and the Flyer was to silence the viewpoint expressed by Plaintiff's journalistic activity. Consequently, the true purpose for adding and / or including Plaintiff on the No-Entry

List and Flyer was to silence disfavored viewpoints in violation of the Freedom of the Press Clause of the First Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the U.S. Constitution.

145.    Mark Glass continues to violate Plaintiff's First Amendment protections under the Constitution and will continue to violate Plaintiff's First Amendment protections under the Constitution, which, unless enjoined by this Court, will cause and continue to cause irreparable harm to Plaintiff.  Plaintiff has no other remedy at law.

146.    As a direct and proximate result of Defendant Mark Glass' violation of the Freedom of the Press Clause of the First Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the U.S. Constitution, Plaintiff has suffered irreparable harm, including the loss of his constitutional rights, entitling him to declaratory and injunctive relief and nominal damages.

**COUNT VII**
**(42 U.S.C. § 1983)**
**Violation of Freedom of the Press Under the First and Fourteenth Amendment to the Constitution of the United States.**
**(As to Miami-Dade County)**

147.    Plaintiff hereby incorporates Paragraphs 1 through 112 above as if fully and separately set forth herein.

148.    By reason of the aforementioned removal and / or restrictions from entry into the above mentioned events held by Governor DeSantis, Miami-Dade County, through its police officers, has deprived Plaintiff of his right to engage in journalism which is protected speech in violation of the Freedom of the Press Clause of the First Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983.

149.    Miami-Dade County's police officers removing and preventing Plaintiff from Governor DeSantis press events based on being instructed by the Governor's Office and / or the FDLE and based on their receipt of the No-Entry List and the Flyer, is a restriction on Plaintiffs' journalistic activity based on Plaintiff's content- and viewpoint, which is in violation of the Freedom of the Press Clause of the First Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the U.S. Constitution.

150.    Miami-Dade County continues to violate Plaintiff's First Amendment protections under the Constitution and will continue to violate Plaintiff's First Amendment protections under the Constitution, any time there is a Governor DeSantis press event, which, unless enjoined by this Court, will cause and continue to cause irreparable harm to Plaintiff.  Plaintiff has no other remedy at law.

151.    As a direct and proximate result of Defendant Miami-Dade County's violation of the Freedom of the Press Clause of the First Amendment as applied to the states and their political subdivisions under Fourteenth Amendment to the U.S. Constitution, Plaintiff has suffered irreparable harm, including the loss of his constitutional rights, entitling him to declaratory and injunctive relief and nominal damages.

**COUNT VIII**
**(42 U.S.C. § 1983)**
**Violation of Freedom of the Press Under the First and Fourteenth Amendment to the Constitution of the United States.**
**(As to the City of Miami)**

152.    Plaintiff hereby incorporates Paragraphs 1 through 112 above as if fully and separately set forth herein.

153.    By reason of the aforementioned removal and / or restrictions from entry into the above mentioned events held by Governor DeSantis, the City of Miami, through its police officers,

has deprived Plaintiff of his right to engage in journalism which is protected speech in violation of the Freedom of the Press Clause of the First Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983.

154.    The City of Miami's police officers removing and preventing Plaintiff from Governor DeSantis press events based on being instructed by the Governor's Office and / or the FDLE and based on their receipt of the No-Entry List and the Flyer, is a restriction on Plaintiffs' journalistic activity based on Plaintiff's content- and viewpoint, which is in violation of the Freedom of the Press Clause of the First Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the U.S. Constitution.

155.    The City of Miami continues to violate Plaintiff's First Amendment protections under the Constitution and will continue to violate Plaintiff's First Amendment protections under the Constitution, any time there is a Governor DeSantis press event, which, unless enjoined by this Court, will cause and continue to cause irreparable harm to Plaintiff.  Plaintiff has no other remedy at law.

156.    As a direct and proximate result of Defendant the City of Miami's violation of the Freedom of the Press Clause of the First Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the U.S. Constitution, Plaintiff has suffered irreparable harm, including the loss of his constitutional rights, entitling him to declaratory and injunctive relief and nominal damages.

**COUNT IX**
**(42 U.S.C. § 1983)**
**Violation of Equal Protection (Fourteenth Amendment)**
**(as to Governor DeSantis)**

157.    Plaintiff hereby incorporates Paragraphs 1 through 112 above as if fully and separately set forth herein.

158.    By reason of the aforementioned speech restriction enforced under color of state law, Defendant Governor DeSantis has unconstitutionally deprived Plaintiff of the equal protection of the law guaranteed under the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983, in that Governor DeSantis is preventing Plaintiff from expressing a message based on its content and viewpoint that Governor DeSantis finds unacceptable.

159.    Governor DeSantis continues to violate Plaintiff's Fourteenth Amendment protections under the Constitution and will continue to violate Plaintiff's Fourteenth Amendment protections under the Constitution, any time there is a Governor DeSantis press event, which, unless enjoined by this Court, will cause and continue to cause irreparable harm to Plaintiff. Plaintiff has no other remedy at law.

160.    As a direct and proximate result of Governor DeSantis' violation of the Equal Protection Clause of the Fourteenth Amendment, Plaintiff has suffered irreparable harm, including the loss of his constitutional rights, entitling him to declaratory and injunctive relief and nominal damages.

**COUNT X**
**(42 U.S.C. § 1983)**
**Violation of Equal Protection (Fourteenth Amendment)**
**(as to Mark Glass)**

161.    Plaintiff hereby incorporates Paragraphs 1 through 112 above as if fully and separately set forth herein.

162.    By reason of the aforementioned speech restriction enforced under color of state law, Defendant Mark Glass has unconstitutionally deprived Plaintiff of the equal protection of the law guaranteed under the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983, in that Mark Glass is preventing Plaintiff from expressing a message based on its content and viewpoint that Governor DeSantis finds unacceptable.

163.    Mark Glass continues to violate Plaintiff's Fourteenth Amendment protections under the Constitution and will continue to violate Plaintiff's Fourteenth Amendment protections under the Constitution, any time there is a Governor DeSantis press event, which, unless enjoined by this Court, will cause and continue to cause irreparable harm to Plaintiff.  Plaintiff has no other remedy at law.

164.    As a direct and proximate result of Mark Glass' violation of the Equal Protection Clause of the Fourteenth Amendment, Plaintiff has suffered irreparable harm, including the loss of his constitutional rights, entitling him to declaratory and injunctive relief and nominal damages.

**COUNT XI**
**(42 U.S.C. § 1983)**

**Violation of Equal Protection (Fourteenth Amendment)**
**(as to Miami-Dade County)**

165.     Plaintiff hereby incorporates Paragraphs 1 through 112 above as if fully and separately set forth herein.

166.     By reason of the aforementioned speech restriction enforced under color of state law, Defendant Miami-Dade County has unconstitutionally deprived Plaintiff of the equal protection of the law guaranteed under the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983, in that Miami-Dade County is preventing Plaintiff from expressing a message based on its content and viewpoint that Governor DeSantis finds unacceptable.

167.     Miami-Dade County continues to violate Plaintiff's Fourteenth Amendment protections under the Constitution and will continue to violate Plaintiff's Fourteenth Amendment protections under the Constitution, any time there is a Governor DeSantis press event, which, unless enjoined by this Court, will cause and continue to cause irreparable harm to Plaintiff. Plaintiff has no other remedy at law.

168.     As a direct and proximate result of Miami-Dade County's violation of the Equal Protection Clause of the Fourteenth Amendment, Plaintiff has suffered irreparable harm, including the loss of his constitutional rights, entitling him to declaratory and injunctive relief and nominal damages.

**COUNT XII**
**(42 U.S.C. § 1983)**

**Violation of Equal Protection (Fourteenth Amendment)**
**(as to City of Miami)**

169.    Plaintiff hereby incorporates Paragraphs 1 through 112 above as if fully and separately set forth herein.

170.    By reason of the aforementioned speech restriction enforced under color of state law, Defendant City of Miami has unconstitutionally deprived Plaintiff of the equal protection of the law guaranteed under the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983, in that the City of Miami is preventing Plaintiff from expressing a message based on its content and viewpoint that Governor DeSantis finds unacceptable.

171.    The City of Miami continues to violate Plaintiff's Fourteenth Amendment protections under the Constitution and will continue to violate Plaintiff's Fourteenth Amendment protections under the Constitution, any time there is a Governor DeSantis press event, which, unless enjoined by this Court, will cause and continue to cause irreparable harm to Plaintiff. Plaintiff has no other remedy at law.

172.    As a direct and proximate result of City of Miami' violation of the Equal Protection Clause of the Fourteenth Amendment, Plaintiff has suffered irreparable harm, including the loss of his constitutional rights, entitling him to declaratory and injunctive relief and nominal damages.

**COUNT XIII**
**Violation of Procedural Due Process / Failure to Provide Notice and a Hearing (Fifth**
**Amendment and Fourteenth Amendment)**
**(Governor DeSantis)**

173.    Plaintiffs hereby incorporates Paragraphs 1 through 112 above as if fully and separately set forth herein.

174.    The U.S. Constitution guarantees all persons the right to due process under the Fifth Amendment and Fourteenth Amendment to the Constitution.  The Fifth Amendment's guarantee of due process applies to state governments through the Fourteenth Amendment.

175.    Defendant Governor DeSantis' actions set forth in this Complaint, deprive Plaintiff of constitutionally protected liberty interests.

176.    Plaintiff has a liberty interest in attending and being able to participate in first amendment protected activities, including attending press events as a journalist.

177.    Plaintiff has the right to be free from false governmental stigmatization as an individuals associated with unlawful activity, when such harm arises in conjunction with the deprivation of his ability to attend and being able to participate in first amendment protected activities on the same terms as others.

178.    Plaintiff has the right to be free from false governmental stigmatization as an individual associated with unlawful activity, when such harm arises in conjunction with the deprivation of his liberty interest to be able to attend and participate in first amendment protected activities.

179.    Plaintiff has a liberty interest in non-attainder (i.e., the interest against being singled out for punishment without trial). Governor DeSantis' actions have singled out Plaintiff for punishments that include, but are not limited to, the inability to attend and participate in first amendment activities and journalistic activities.

180.    Plaintiff is entitled to a legal mechanism that affords him notice and an opportunity to contest his inclusion on the No-Entry List.

181.    Plaintiff is entitled to a legal mechanism that affords him notice and opportunity to contest the deprivation of his liberty interests, including but not limited to his liberty interests in

freedom from false stigmatization, and non-attainder due to his inclusion on the No-Entry List that prevents him from attending and participating in first amendment activities.

182.    Defendants Governor DeSantis violated Plaintiff's rights without affording him due process of law and will continue to do so into the future if Plaintiff is not afforded the relief demanded below.

183.    Governor DeSantis will continue to violate Plaintiff's Fifth and Fourteenth Amendment protections under the Constitution by continuing to include Plaintiff on the No-Entry List and continuing to circulate the No-Entry list to Miami-Dade County and City of Miami Police Departments, among others, any time there is a Governor DeSantis press event.

184.    Plaintiff has no other remedy at law.

185.    As a direct and proximate result of Governor DeSantis' violation of Plaintiff's Fifth and Fourteenth Amendment protections under the Constitution, Plaintiff has suffered irreparable harm, including the loss of his constitutional rights, entitling him to declaratory and injunctive relief and nominal damages.

**COUNT XIV**
**Violation of Procedural Due Process / Failure to Provide Notice and a Hearing (Fifth Amendment and Fourteenth Amendment)**
**(Governor DeSantis)**

186.    Plaintiffs hereby incorporates Paragraphs 1 through 112 above as if fully and separately set forth herein.

187.    The U.S. Constitution guarantees all persons the right to due process under the Fifth Amendment and Fourteenth Amendment to the Constitution.  The Fifth Amendment's guarantee of due process applies to state governments through the Fourteenth Amendment.

188.    Defendant Governor DeSantis' actions set forth in this Complaint, deprive Plaintiff of constitutionally protected liberty interests.

189.    Plaintiff has a liberty interest in attending and being able to participate in first amendment protected activities, including attending press events as a journalist.

190.    Plaintiff has the right to be free from false governmental stigmatization as an individuals associated with unlawful activity, when such harm arises in conjunction with the deprivation of his ability to attend and being able to participate in first amendment protected activities on the same terms as others.

191.    Plaintiff has the right to be free from false governmental stigmatization as an individual associated with unlawful activity, when such harm arises in conjunction with the deprivation of his liberty interest to be able to attend and participate in first amendment protected activities.

192.    Plaintiff has a liberty interest in non-attainder (i.e., the interest against being singled out for punishment without trial). Governor DeSantis' actions have singled out Plaintiff for punishments that include, but are not limited to, the inability to attend and participate in first amendment activities and journalistic activities.

193.    Plaintiff is entitled to a legal mechanism that affords him notice and an opportunity to contest his inclusion on Flyer.

194.    Plaintiff is entitled to a legal mechanism that affords him notice and opportunity to contest the deprivation of his liberty interests, including but not limited to his liberty interests in freedom from false stigmatization, and non-attainder due to his inclusion on the Flyer that prevents him from attending and participating in first amendment activities.

195.    Defendants Governor DeSantis violated Plaintiff's rights without affording him due process of law and will continue to do so into the future if Plaintiff is not afforded the relief demanded below.

196.    Governor DeSantis will continue to violate Plaintiff's Fifth and Fourteenth Amendment protections under the Constitution by continuing to include Plaintiff on the Flyer and continuing to circulate the Flyer to Miami-Dade County and City of Miami Police Departments, among others, any time there is a Governor DeSantis press event.

197.    Plaintiff has no other remedy at law.

198.    As a direct and proximate result of Governor DeSantis' violation of Plaintiff's Fifth and Fourteenth Amendment protections under the Constitution, Plaintiff has suffered irreparable harm, including the loss of his constitutional rights, entitling him to declaratory and injunctive relief and nominal damages.

**COUNT XV**
**Violation of Procedural Due Process / Failure to Provide Notice and a Hearing (Fifth Amendment and Fourteenth Amendment)**
**(Mark Glass)**

199.    Plaintiffs hereby incorporates Paragraphs 1 through 112 above as if fully and separately set forth herein.

200.    The U.S. Constitution guarantees all persons the right to due process under the Fifth Amendment and Fourteenth Amendment to the Constitution.  The Fifth Amendment's guarantee of due process applies to state governments through the Fourteenth Amendment.

201.    Defendant Mark Glass' actions set forth in this Complaint, deprive Plaintiff of constitutionally protected liberty interests.

202.    Plaintiff has a liberty interest in attending and being able to participate in first amendment protected activities, including attending press events as a journalist.

203.    Plaintiff has the right to be free from false governmental stigmatization as an individuals associated with unlawful activity, when such harm arises in conjunction with the

deprivation of his ability to attend and being able to participate in first amendment protected activities on the same terms as others.

204.     Plaintiff has the right to be free from false governmental stigmatization as an individual associated with unlawful activity, when such harm arises in conjunction with the deprivation of his liberty interest to be able to attend and participate in first amendment protected activities.

205.     Plaintiff has a liberty interest in non-attainder (i.e., the interest against being singled out for punishment without trial). Mark Glass' actions have singled out Plaintiff for punishments that include, but are not limited to, the inability to attend and participate in first amendment activities and journalistic activities.

206.     Plaintiff is entitled to a legal mechanism that affords him notice and an opportunity to contest his inclusion on Flyer.

207.     Plaintiff is entitled to a legal mechanism that affords him notice and opportunity to contest the deprivation of his liberty interests, including but not limited to his liberty interests in freedom from false stigmatization, and non-attainder due to his inclusion on the Flyer that prevents him from attending and participating in first amendment activities.

208.     Defendant Mark Glass violated Plaintiff's rights without affording him due process of law and will continue to do so into the future if Plaintiff is not afforded the relief demanded below.

209.     Mark Glass will continue to violate Plaintiff's Fifth and Fourteenth Amendment protections under the Constitution by continuing to include Plaintiff on the Flyer and continuing to circulate the Flyer to Miami-Dade County and City of Miami Police Departments, among others, any time there is a Governor DeSantis press event.

210.    Plaintiff has no other remedy at law.

211.    As a direct and proximate result of Mark Glass' violation of Plaintiff's Fifth and Fourteenth Amendment protections under the Constitution, Plaintiff has suffered irreparable harm, including the loss of his constitutional rights, entitling him to declaratory and injunctive relief and nominal damages.

**COUNT XVI**
**Violation of Procedural Due Process / Failure to Provide Notice and a Hearing (Fifth Amendment and Fourteenth Amendment)**
**(Mark Glass)**

212.    Plaintiffs hereby incorporates Paragraphs 1 through 112 above as if fully and separately set forth herein.

213.    The U.S. Constitution guarantees all persons the right to due process under the Fifth Amendment and Fourteenth Amendment to the Constitution.  The Fifth Amendment's guarantee of due process applies to state governments through the Fourteenth Amendment.

214.    Defendant Mark Glass' actions set forth in this Complaint, deprive Plaintiff of constitutionally protected liberty interests.

215.    Plaintiff has a liberty interest in attending and being able to participate in first amendment protected activities, including attending press events as a journalist.

216.    Plaintiff has the right to be free from false governmental stigmatization as an individuals associated with unlawful activity, when such harm arises in conjunction with the deprivation of his ability to attend and being able to participate in first amendment protected activities on the same terms as others.

217.    Plaintiff has the right to be free from false governmental stigmatization as an individual associated with unlawful activity, when such harm arises in conjunction with the

deprivation of his liberty interest to be able to attend and participate in first amendment protected activities.

218.    Plaintiff has a liberty interest in non-attainder (i.e., the interest against being singled out for punishment without trial). Mark Glass' actions have singled out Plaintiff for punishments that include, but are not limited to, the inability to attend and participate in first amendment activities and journalistic activities.

219.    Plaintiff is entitled to a legal mechanism that affords him notice and an opportunity to contest his inclusion on the No Entry List.

220.    Plaintiff is entitled to a legal mechanism that affords him notice and opportunity to contest the deprivation of his liberty interests, including but not limited to his liberty interests in freedom from false stigmatization, and non-attainder due to his inclusion on the No Entry List that prevents him from attending and participating in first amendment activities.

221.    Defendant Mark Glass violated Plaintiff's rights without affording him due process of law and will continue to do so into the future if Plaintiff is not afforded the relief demanded below.

222.    Mark Glass will continue to violate Plaintiff's Fifth and Fourteenth Amendment protections under the Constitution by continuing to include Plaintiff on the No Entry List and continuing to circulate the No Entry List to Miami-Dade County and City of Miami Police Departments, among others, any time there is a Governor DeSantis press event.

223.    Plaintiff has no other remedy at law.

224.    As a direct and proximate result of Mark Glass' violation of Plaintiff's Fifth and Fourteenth Amendment protections under the Constitution, Plaintiff has suffered irreparable

harm, including the loss of his constitutional rights, entitling him to declaratory and injunctive relief and nominal damages.

**COUNT XVII**
**Violation of Substantive Due Process (Fifth Amendment)**
**(Governor Ron DeSantis)**

225.   Plaintiffs hereby incorporates Paragraphs 1 through 112 above as if fully and separately set forth herein.

226.   The U.S. Constitution guarantees all persons the right to due process under the Fifth Amendment.   The Fifth Amendment's guarantee of due process applies to state governments through the Fourteenth Amendment.

227.   Plaintiff has constitutionally protected liberty interests in being able to attend and participate in first amendment activities and freedom from government-imposed stigma.

228.   Placing, maintaining, and / or using Plaintiff's name on the No-Entry List without any legitimate basis violates his right to substantive due process under the Fifth Amendment to the U.S. Constitution.

229.   Plaintiff has no other remedy at law.

230.   As a direct and proximate result of Governor DeSantis' violation of Plaintiff's Fifth and Fourteenth Amendment protections under the Constitution, Plaintiff has suffered irreparable harm, including the loss of his constitutional rights, entitling him to declaratory and injunctive relief and nominal damages.

231.   Defendant Governor DeSantis violated Plaintiff's constitutional rights and have caused an injury that is not justified by any legitimate government interest and that will continue to subject him to further harm absent the relief requested below.

**COUNT XVII**
**Violation of Substantive Due Process (Fifth Amendment)**
**(Mark Glass)**

232.     Plaintiffs hereby incorporates Paragraphs 1 through 112 above as if fully and separately set forth herein.

233.     The U.S. Constitution guarantees all persons the right to due process under the Fifth Amendment.   The Fifth Amendment's guarantee of due process applies to state governments through the Fourteenth Amendment.

234.     Plaintiff has constitutionally protected liberty interests in being able to attend and participate in first amendment activities and freedom from government-imposed stigma.

235.     Placing, maintaining, and / or using Plaintiff's name on the No-Entry List without any legitimate basis violates his right to substantive due process under the Fifth Amendment to the U.S. Constitution.

236.     Plaintiff has no other remedy at law.

237.     As a direct and proximate result of Mark Glass' violation of Plaintiff's Fifth and Fourteenth Amendment protections under the Constitution, Plaintiff has suffered irreparable harm, including the loss of his constitutional rights, entitling him to declaratory and injunctive relief and nominal damages.

238.     Defendant Mark Glass violated Plaintiff's constitutional rights and have caused an injury that is not justified by any legitimate government interest and that will continue to subject him to further harm absent the relief requested below.

**COUNT XVIII**
**Unconstitutional Vagueness (Fifth Amendment)**
**(Governor DeSantis)**

239.     Plaintiffs hereby incorporates Paragraphs 1 through 112 above as if fully and separately set forth herein.

240.     The U.S. Constitution guarantees all persons the right to due process under the Fifth Amendment.   The Fifth Amendment's guarantee of due process applies to state governments through the Fourteenth Amendment.

241.     Defendant Governor DeSantis' No Entry List criteria are unconstitutionally vague under the Fifth Amendment to the U.S. Constitution, facially and as applied to Plaintiff, because they fail to provide Plaintiff or any individual with fair notice of what conduct is prohibited, they encompass constitutionally protected expression and association, and they invite arbitrary and discriminatory enforcement.

242.     Plaintiff has no other remedy at law.

243.     As a direct and proximate result of Governor DeSantis' violation of Plaintiff's Fifth and Fourteenth Amendment protections under the Constitution, Plaintiff has suffered irreparable harm, including the loss of his constitutional rights, entitling him to declaratory and injunctive relief and nominal damages.

244.     Defendant Governor DeSantis violated Plaintiff's constitutional rights and have caused an injury that is not justified by any legitimate government interest and that will continue to subject him to further harm absent the relief requested below.

**COUNT XIX**
**Unconstitutional Vagueness (Fifth Amendment)**
**(Mark Glass)**

245.    Plaintiffs hereby incorporates Paragraphs 1 through 112 above as if fully and separately set forth herein.

246.    The U.S. Constitution guarantees all persons the right to due process under the Fifth Amendment.   The Fifth Amendment's guarantee of due process applies to state governments through the Fourteenth Amendment.

247.    Defendant Mark Glass' No Entry List criteria are unconstitutionally vague under the Fifth Amendment to the U.S. Constitution, facially and as applied to Plaintiff, because they fail to provide Plaintiff or any individual with fair notice of what conduct is prohibited, they encompass constitutionally protected expression and association, and they invite arbitrary and discriminatory enforcement.

248.    Plaintiff has no other remedy at law.

249.    As a direct and proximate result of Mark Glass' violation of Plaintiff's Fifth and Fourteenth Amendment protections under the Constitution, Plaintiff has suffered irreparable harm, including the loss of his constitutional rights, entitling him to declaratory and injunctive relief and nominal damages.

250.    Defendant Mark Glass violated Plaintiff's constitutional rights and have caused an injury that is not justified by any legitimate government interest and that will continue to subject him to further harm absent the relief requested below.

44

**COUNT XX**
**Unconstitutional Vagueness (Fifth Amendment)**
**(Governor DeSantis)**

251.    Plaintiffs hereby incorporates Paragraphs 1 through 112 above as if fully and separately set forth herein.

252.    The U.S. Constitution guarantees all persons the right to due process under the Fifth Amendment.  The Fifth Amendment's guarantee of due process applies to state governments through the Fourteenth Amendment.

253.    Defendant Governor DeSantis' Flyer criteria are unconstitutionally vague under the Fifth Amendment to the U.S. Constitution, facially and as applied to Plaintiff, because they fail to provide Plaintiff or any individual with fair notice of what conduct is prohibited, they encompass constitutionally protected expression and association, and they invite arbitrary and discriminatory enforcement.

254.    Plaintiff has no other remedy at law.

255.    As a direct and proximate result of Governor DeSantis' violation of Plaintiff's Fifth and Fourteenth Amendment protections under the Constitution, Plaintiff has suffered irreparable harm, including the loss of his constitutional rights, entitling him to declaratory and injunctive relief and nominal damages.

256.    Defendant Governor DeSantis violated Plaintiff's constitutional rights and have caused an injury that is not justified by any legitimate government interest and that will continue to subject him to further harm absent the relief requested below.

**COUNT XXI**
**Unconstitutional Vagueness (Fifth Amendment)**
**(Mark Glass)**

257.     Plaintiffs hereby incorporates Paragraphs 1 through 112 above as if fully and separately set forth herein.

258.     The U.S. Constitution guarantees all persons the right to due process under the Fifth Amendment.   The Fifth Amendment's guarantee of due process applies to state governments through the Fourteenth Amendment.

259.     Defendant Mark Glass' Flyer criteria are unconstitutionally vague under the Fifth Amendment to the U.S. Constitution, facially and as applied to Plaintiff, because they fail to provide Plaintiff or any individual with fair notice of what conduct is prohibited, they encompass constitutionally protected expression and association, and they invite arbitrary and discriminatory enforcement.

260.     Plaintiff has no other remedy at law.

261.     As a direct and proximate result of Mark Glass' violation of Plaintiff's Fifth and Fourteenth Amendment protections under the Constitution, Plaintiff has suffered irreparable harm, including the loss of his constitutional rights, entitling him to declaratory and injunctive relief and nominal damages.

262.     Defendant Mark Glass violated Plaintiff's constitutional rights and have caused an injury that is not justified by any legitimate government interest and that will continue to subject him to further harm absent the relief requested below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks this Court:

A) to declare that all Defendants' restriction on Plaintiff's speech, violates the First and Fourteenth Amendments to the U.S. Constitution as set forth in this Amended Complaint;

B) to declare that Defendants Governor DeSantis and Mark Glass' inclusion of Plaintiff on the No Entry List, violates the Fifth and Fourteenth Amendments to the U.S. Constitution as set forth in this Amended Complaint;

C) to declare that Defendants Governor DeSantis and Mark Glass' inclusion of Plaintiff on the Flyer, violates the Fifth and Fourteenth Amendments to the U.S. Constitution as set forth in this Amended Complaint;

D) to preliminarily and permanently enjoin all Defendants' speech restriction and its application to Plaintiff's speech as set forth in this Amended Complaint;

E) to preliminarily and permanently enjoin Defendants Governor DeSantis and Mark Glass' inclusion of Plaintiff on the No Entry List and its application to Plaintiff's speech as set forth in this Amended Complaint;

F) to preliminarily and permanently enjoin Defendants Governor DeSantis and Mark Glass' inclusion of Plaintiff on the Flyer and its application to Plaintiff's speech as set forth in this Amended Complaint;

G) to award Plaintiff nominal damages for the past loss of his constitutional rights as set forth in this Amended Complaint;

H) to award Plaintiff his reasonable attorney fees, costs, and expenses pursuant to 42 U.S.C. § 1988 and other applicable law; and

I) to grant such other and further relief as this Court should find just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all claims so triable.

DATED: September 21, 2022

**/s/Khurrum Wahid**
Khurrum Wahid, Esq.
 WAHID VIZCAINO GELLER LLP
2103 Coral Way, Suite 401
Miami, Florida 33145
khurrum@wvmlawfirm.com
khurrum@wvglegal.com
(305)444-4303
(305)444-4302
Counsel for Plaintiff
Florida Bar 178764

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 21, 2022, a true and correct copy of the foregoing

was filed with the Court and to the Clerk of Court via ECF.

**/s/Khurrum Wahid**
Khurrum Wahid, Esq.
 WAHID VIZCAINO GELLER LLP
2103 Coral Way, Suite 401
Miami, Florida 33145
khurrum@wvmlawfirm.com
khurrum@wvglegal.com
(305)444-4303
(305)444-4302

**  /s/ Khurrum Wahid  **
Counsel for Plaintiff
Florida Bar 178764
