IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

THOMAS KENNEDY, individually,

    Plaintiff,                                                  Case No. 1:22-cv-21827-KMW

v.

RON DESANTIS, in his official
capacity of Governor of the State of Florida,
MARK GLASS, in his official capacity of
Acting Commissioner of The Florida Department
of Law Enforcement, MIAMI-DADE COUNTY,
a political subdivision of the state of Florida,
CITY OF MIAMI, a municipality of
the State of Florida,

    Defendants.
_____/

## **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT GOVERNOR DESANTIS'S MOTION TO DISMISS AMENDED COMPLAINT**

    Plaintiff, THOMAS KENNEDY ("Plaintiff"), by and through his undersigned counsel, pursuant to the applicable Federal Rules of Civil Procedure and the Local Rules for the Southern District of Florida hereby files his Response in Opposition to Defendant Governor DeSantis, in his capacity as Governor of the State of Florida ("Governor DeSantis")'s Motion to Dismiss Amended Complaint [DE 62] ("Motion to Dismiss"). In support thereof, Plaintiff states as follows:

### I.    Summary of the Argument

    This is a civil rights case where Governor DeSantis instructed the Governor's Office and Commissioner Mark Glass of the Florida Department of Law Enforcement ("FDLE") to investigate Plaintiff based on the content or viewpoint of the Plaintiff, which resulted in the "No Entry List" and the "Situational Awareness Flyer" that was then circulated to Defendants Miami-Dade County and City of Miami, and likely other agencies, along with instructions to prevent

Plaintiff from attending Governor DeSantis press events, which resulted in the violating of Plaintiff's rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution. In Governor DeSantis' Introduction paragraph of his Motion to Dismiss, Governor DeSantis makes a point to state that Plaintiff failed to attach the No-Entry List to the Amended Complaint "despite allegedly seeking it through multiple public records requests". Plaintiff did not attach the No-Entry List to the Amended Complaint because the No-Entry List was not provided to Plaintiff.[1]

In his Motion to Dismiss, Governor DeSantis argues that the Amended Complaint should be dismissed based on 1) The Eleventh Amendment; 2) Standing; 3) and that the Complaint fails to state a claim for relief on all counts.

A. **Memorandum of Law**

I. **Governor DeSantis is not entitled to Eleventh Amendment Sovereign Immunity**

  a. *Governor DeSantis is a proper defendant under Ex parte Young.*

Governor DeSantis argues that Eleventh Amendment to the Constitution bars Plaintiff from bringing suit in federal court against Governor DeSantis, and that Plaintiff fails to meet the exceptions set forth in <u>Ex parte </u>Young and its progeny. Governor DeSantis argues that he is not a proper defendant under <u>Ex parte Young</u>. In support of his position, Governor DeSantis argues that Plaintiff provides no evidence or alleges any facts as to 1) how Governor DeSantis is responsible for the actions complained of in the Amended Complaint, including the creation of the No-Entry List or the instructions to the FDLE to add Plaintiff's name to the FDLE Flyer; 2) showing Governor DeSantis circulated the Lists to the local police departments and instructed them to exclude Plaintiff from Events. Governor DeSantis further argues that the allegations involving

---

[1] Plaintiff has propounded discovery to Commissioner Glass and the other Defendants and is seeking a copy of the No Entry List.

Governor DeSantis are conclusory, threadbare, and speculative and therefore "not entitled to be assumed true." under *Iqbal*, 556 U.S. at 681 (citing *Twombly*, 550 U.S. at 554–55).

This case differs from Iqbal (citing Twombly), in that the language in Iqbal "not entitled to be assumed true" is different than this case.  Iqbal was a case where a detainee, who was designated a person "of high interest" to the September 11 investigation sued Federal Officials including then Attorney General John Ashcroft for Ashcroft being the "principal architect" of alleged discriminatory policies that resulted in Petitioner being charged and detained.  The Court held that:

> "The complaint alleges that Ashcroft was the "principal architect" of this invidious policy, *id.,* P 10, at 157a, and that Mueller was "instrumental" in adopting and executing it, *id.*, P 11, at 157a. These bare assertions, much like the pleading of conspiracy in *Twombly*, amount to nothing more than a "formulaic recitation of the elements" of a constitutional discrimination claim, 550 U.S., at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929, namely, that petitioners adopted a policy "'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group," *Feeney*, 442 U.S., at 279, 99 S. Ct. 2282, 60 L. Ed. 2d 870. As such, the allegations are conclusory and not entitled to be assumed true. *Twombly*, 550 U.S., at 554-555, 127 S. Ct. 1955, 167 L. Ed. 2d 929." Ashcroft v. Iqbal, 556 U.S. 662, 680-81, 129 S. Ct. 1937, 1951 (2009)

In this case, Plaintiff is alleging that Governor DeSantis was more than a "principal architect" of the actions against Plaintiff, and that Governor DeSantis himself directed 1) the blocking of Plaintiff to Governor DeSantis' press email (Paragraph 3 of Amended Complaint); 2) the addition of Plaintiff to the No-Entry List (Paragraph 4 of Amended Complaint); 3) directed Commissioner Mark Glass of the Florida Department of Law Enforcement to investigate Plaintiff (Paragraph 5 of Amended Complaint); 4) directed the Governor's Office and FDLE to instruct Miami-Dade County and the City of Miami to not allow Plaintiff entry into Governor DeSantis press events (Paragraph 6 of Amended Complaint);  5) directed the Governor's Office and FDLE to circulate the Situational Awareness Flyer to Miami-Dade County and City of Miami (Paragraph 7 of Amended Complaint); 6) directed the Governor's Office and FDLE to circulate No-Entry List

to Miami-Dade County and City of Miami (Paragraph 8 of Amended Complaint); and 7) directed the Governor's Office and to circulate the Flyer and the No-Entry List to Miami-Dade County and City of Miami police prior to each Governor DeSantis event subsequent to the July 14, 2020 press conference (Paragraphs 15 and 16 of the Amended Complaint). The Plaintiff alleged that Governor DeSantis himself directed these actions and took these steps, which is distinguishable from the Iqbal case that Governor DeSantis relies upon in his Motion to Dismiss. Further, Plaintiff has propounded discovery and intends to obtain the intricate factual specifics as to the formal mechanism by how Governor DeSantis took specific steps, through the discovery process. Discovery is still outstanding, and the Plaintiff may file a motion to amend his complaint upon receipt of discovery responses.

Governor DeSantis argues that even if the allegations of Plaintiff are accepted by the Court, that those allegations involving Governor DeSantis are not plausible, and therefore should not be accepted. In support of this argument, Governor DeSantis argues that the Governor has no authority over the other Defendants, and that even if he did, that Governor DeSantis would not be responsible for actions that would make him vicariously liable. These are factual arguments and not appropriate at this stage of the litigation. Further, Governor DeSantis is being sued along with the other Defendants, and Plaintiff is suing Governor DeSantis for his actions specifically. The other Defendants are being sued for their actions specifically.

    a. *Plaintiff is not barred under the Eleventh Amended for the relief Plaintiff is seeking.*

Governor DeSantis argues that the Eleventh Amendment would bar Plaintiff's request for "retrospective relief". Throughout the Amended Complaint, Plaintiff has alleged that the violations of his constitutional rights at the hand of Governor DeSantis and the other Defendants are continuing in nature. Specifically, each Count as to Governor DeSantis, including Count I,

Count V, Count IX, Count XIII, Count XIV, Count XVII, Count XVIII, Count XX all allege that the violations to Plaintiff's constitutional rights are continuing in nature, and therefore they are not outside of the Ex parte Young doctrine.

## II.  **Plaintiff has standing to bring suit against Governor DeSantis**

Governor DeSantis argues that Plaintiff lacks standing to bring this action due to Plaintiff's failure to allege 1) a cognizable "injury in fact"; 2) caused by the defendant; and 3) redressable, at least partially, through a favorable decision for the plaintiff and against the defendant.

   a. *Plaintiff alleges a cognizable "injury in fact"*

Governor DeSantis argues that Plaintiff fails to show that the injuries to Plaintiff are traceable to an action of the Governor and not the result of the independent action of some third party.  In this case, the Plaintiff clearly alleges that Governor DeSantis, through Governor DeSantis' actions, is responsible for the violations of Plaintiff's constitutional rights.  Once again, Governor DeSantis discounts Plaintiff's allegations regarding the Governor DeSantis' actions by claiming that Plaintiff's allegations are conclusory in nature.  Plaintiff adopts and reasserts his arguments in Section I(a) above that his allegations were not merely conclusory, and that Plaintiff has made allegations to allege that Plaintiff's injuries are traced to actions by Governor DeSantis' actions, including his directives to his office and to the other Defendants.  As to the injuries claimed by Plaintiff, they are quite obvious.  Governor DeSantis has clearly injured Plaintiff by preventing Plaintiff, a journalist, from being able to cover and report on the highest government office in the State of Florida.  By not allowing Plaintiff access to the highest government office in the State of Florida, by preventing Plaintiff access to Governor DeSantis press events, Governor DeSantis is causing career damage, reputational damage, and economic damage to Plaintiff, which is all in addition to the damages he is suffering by being denied his constitutional rights.

    b. *Plaintiff alleges a threat of future injury*

  Governor DeSantis alleges that Plaintiff fails to demonstrate a threat of future injury and therefore Plaintiff lacks standing to sue Governor DeSantis.  As Plaintiff set forth in 1(a) above, Plaintiff alleges that Governor DeSantis' actions violate the constitutional rights of Plaintiff and are continuing in nature.  The actions of the Governor to block Plaintiff from receiving Governor DeSantis' email list of upcoming press events, by preventing Plaintiff from entry to future Press events, by instructing the other Defendants to prevent Plaintiff from entry into future press events, by instructing that the No-Entry List and Situational Awareness Flyer are circulated to the other government entities, are all extremely clear example of the many allegations set forth in the Amended Complaint where Plaintiff alleges future injury.  Plaintiff's allegations set forth in the Amended Complaint show that Plaintiff has a more than reasonable belief that Governor DeSantis will continue to violate his constitutional rights.

**III. Plaintiff has states causes of actions for relief in all counts against Governor DeSantis.[2]**

 Governor DeSantis challenges each Count against him on the grounds that each count fails to state a cause of action.  Governor DeSantis argues that the first claim against him fails on the grounds that Plaintiff failed to allege that "Governor DeSantis knew about Plaintiff's prior speech and added his name to the Lists to punish him for that speech" and that Count I is a retaliatory case and cites a case involving retaliatory prison transfer and employment retaliation.  Both of the cases were decided on summary judgment.  These factual allegations as to whether Governor DeSantis

---

[2] Governor DeSantis' argument that Counts IX does not state a "Class of One" equal protection claim under the Fourteenth Amendment is technically correct due to the failure of Plaintiff to set forth that allegation.  Plaintiff does believe that the Equal Protection argument is valid, and has valid basis to allege that other journalists similarly situated, however who express different viewpoints, are treated differently by Governor DeSantis.  Plaintiff only concedes that Plaintiff failed to make the allegation, however, Plaintiff will be seeking the opportunity to amend the Count to add the appropriate allegation.

"knew" about Plaintiff's prior speech and added his name to punish him for that speech" is a factual issue, which is appropriate at the summary judgment stage, not the motion to dismiss stage.

The Court in Douglas v. United States, 814 F.3d 1268, 1274-75 (11th Cir. 2016) makes it clear that factual challenges are not appropriate at the Motion to Dismiss stage.

> "That is because "in a factual challenge the district court must give the plaintiff an opportunity for discovery and for a hearing that is appropriate to the nature of the motion to dismiss." McElmurray, 501 F.3d at 1251 (citing Williamson v. Tucker, 645 F.2d 404, 414 (5th Cir. 1981)). Mr. Douglas was not given these opportunities here. No matter the reason behind a dismissal, we can't convert a facial dismissal into a factual one on appeal. If we did, we would be finding facts for the first time on appeal."
> Douglas v. United States, 814 F.3d 1268, 1274-75 (11th Cir. 2016)

Further, Count I does allege that Governor DeSantis has deprived Plaintiff the right to engage in protected speech in violation of the free Speech Clause of the First and Fourteenth Amendments to the Constitution (Paragraphs 113-118 of the Amended Complaint). Plaintiff is not alleging a retaliatory prison transfer or employment retaliation.

Governor DeSantis argues that Plaintiff's second and third claim fail for similar reasons. Governor DeSantis makes this argument based on allegations that Plaintiff has not demonstrated or proven certain facts. Further, Governor DeSantis is adding factual assertions to his argument. This is not appropriate at this stage of the litigation as argued above as argued above.

Governor DeSantis argues that Count V of the Amended Complaint fails for the reasons as Count I. Plaintiff has properly alleged that his speech was and continues to be constitutionally protected, that the Governor's actions were adverse to Plaintiff's constitutional rights, and that there is a connection between the Governor's actions and the effects on Plaintiff's constitutional rights.

Governor DeSantis argues that Counts XIII and XIV fails to state procedural due process claim under the Fourteenth Amendment, by arguing that "false governmental stigmatization" alone

does not deprive a person of a protected liberty or property interest. A plain reading of the Amended Complaint and Counts XIII and XIV show that Plaintiff is alleging damages in addition to "false governmental stigmatization". In addition to allegations involving false government stigmatization, Plaintiff alleges that he has entitlement to a legal mechanism that affords him notice and opportunity to contest his including on the No-Entry List and Flyer. The allegations in Counts XIII and XIV are more than merely a defamation claim, the allegations allege that the inclusion of Plaintiff on the No-Entry List and the Flyer prevent him from attending and participating in first amendment activities [journalism]. Further, as argued above, and as set forth in allegations throughout the Amended Complaint, Plaintiff argues that Governor DeSantis has clearly injured Plaintiff by preventing Plaintiff, a journalist, from being able to cover and report on the highest government office in the State of Florida. By not allowing Plaintiff access to the highest government office in the State of Florida, by preventing Plaintiff access to Governor DeSantis press events, Governor DeSantis is causing career damage, reputational damage, and economic damage to Plaintiff, which is all in addition to the damages he is suffering by being denied his constitutional rights.

Governor DeSantis argues that Plaintiff's addition to a List by the Governor does not deprive Plaintiff of any liberty interest in nonattainder because Governor DeSantis argues that a bill of attainder is "a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial. While Plaintiff agrees on the general definition of a bill of attainder, Plaintiff argues that being placed on a list by executive or administrative action without due process rights that harm Plaintiff could and should meet the definition of bill of attainder. And while a Bill of Attainder has not yet been found to apply to

executive or administrative action, there has been discussion of the potential for the Constitutional protections against bill of Attainder to apply to executive or administrative actions.

> "The district court thought so, concluding that the clause did not apply "because OPM's indefinite disbarment policy is an executive action." Mem. Op. at 8 (citations omitted). Although the district court may be correct, the Supreme Court has not directly ruled either way on the applicability of the attainder ban to actions of executive and administrative agencies, and an argument can be made for analyzing each case functionally rather than structurally. *See Joint Anti-Fascist Refugee Committee v. McGrath,* 341 U.S. 123, 143, 95 L. Ed. 817, 71 S. Ct. 624 (1950) (Black, J., concurring) ("It is true that the classic bill of attainder was a condemnation by the legislature following investigations by that body, . . . while in the present case the Attorney General performed the official tasks. But I cannot believe that the authors of the Constitution, who outlawed the bill of attainder, inadvertently endowed the executive with power to engage in the same tyrannical practices that had made the bill such an odious institution."). Dehainaut v. Pena, 32 F.3d 1066, 1070-71 (7th Cir. 1994).[3]

Plaintiff argues that the Court should consider extending the prohibition on Bill of Attainders to the executive actions of the Governor and the administrative actions of the agencies responsible for adding Plaintiff to the No-Entry List and the Flyer without due process, in this instance. Further, Plaintiff argues that the language in *Foretich v. United States*, 359 U.S. App. D.C. 54, 351 F.3d 1198, 1217 (D.C. Cir. 2003) (quoting *Cummings v. Missouri*, 71 U.S. (4 Wall.) 277, 320, 18 L. Ed. 356 (1866)) that "'deprivation of any rights, civil or political, previously enjoyed'" can constitute a forbidden attainder "if the attending circumstances and causes of the deprivation demonstrated that the deprivation amounted to punishment.'"

Governor DeSantis argues that Plaintiff's fails to state a cause of action for claims XIII, XIV, XVII, XIX, and XXI due to Plaintiff bringing such claims under the Fifth Amendment to the Constitution, and since Plaintiff failed to allege that the Governor was acting as a federal actor, that all such claims fail. The cases cited by Governor DeSantis in support of this argument are based only on claims of violations of the Fifth Amendment. Plaintiff does not allege that the

---

[3] If the Court does not wish to extend Bill of Attainder to non-legislative actions, then Plaintiff contends that the Counts will still be viable without the specific references to Bill of Attainder in the Counts.

Governor was acting as a federal actor and agrees that all alleged actions of the Governor as set forth in the Amended Complaint are Governor DeSantis actions in his official capacity as Governor of the State of Florida. It is well settled law that the 14th Amendment applies to State actors and State actions. In this case, Plaintiff's claims are based on the Fifth Amendment and the Fourteenth Amendment, which does apply to the state actors, and therefore Governor DeSantis' arguments are incorrect.

## CONCLUSION

Accordingly, Defendant Governor DeSantis' Motion to Dismiss Plaintiff's Amended Complaint should be denied because Plaintiff alleged legal elements, ultimate facts, and inferences in the pleadings, that when read in the light most favorable to Plaintiff, sufficiently state a cognizable cause of action against Governor DeSantis.

/s/Khurrum Wahid
Khurrum Wahid, Esq.
WAHID VIZCAINO GELLER LLP
2103 Coral Way, Suite 401
Miami, Florida 33145
khurrum@wvmlawfirm.com
khurrum@wvglegal.com
(305)444-4303
(305)444-4302

  /s/ Khurrum Wahid
Counsel for Plaintiff
Florida Bar 178764

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 2, 2022, a true and correct copy of the foregoing was filed with the Court and to the Clerk of Court via ECF.

/s/Khurrum Wahid
Khurrum Wahid, Esq.

WAHID VIZCAINO GELLER LLP
2103 Coral Way, Suite 401
Miami, Florida 33145
khurrum@wvmlawfirm.com
khurrum@wvglegal.com
(305)444-4303
(305)444-4302

   **/s/ Khurrum Wahid**
Counsel for Plaintiff
Florida Bar 178764